**Reversed and Rendered and Opinion on Remand filed June 13, 2013.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-11-00701-CR

_____

## EX PARTE RAHUL SUDHAKAR

_____

**On Appeal from the County Court at Law No. 1**
**Fort Bend County, Texas**
**Trial Court Cause No. 09-CCR-145197**

_____

## O P I N I O N   O N   R E M A N D

On original submission, the State appealed the trial court's grant of an application for writ of habeas corpus that vacated appellee Rahul Sudhakar's nolo contendere plea as involuntary under *Padilla v. Kentucky*, 559 U.S. 356 (2010). On December 6, 2012, this Court issued an opinion affirming the trial court's grant of habeas relief and vacating his nolo contendere plea. *Ex parte Sudhakar*, No. 14-11-00701-CR; 2012 WL 6061859 (Tex. App.—Houston [14th Dist.] Dec. 6, 2012). On April 17, 2013, the Court of Criminal Appeals vacated this Court's judgment and remanded the case for consideration in light of *Ex parte De Los Reyes*, 392

S.W.3d 675 (Tex. Crim. App. 2013) (declining to accord retroactive effect to *Padilla* as a matter of state habeas law.). On remand, we reverse and render judgment that appellee's plea of nolo contendere is reinstated.

## BACKGROUND

Although an Indian citizen, Rahul Sudhakar has lived in the United States since childhood. On August 16, 2009, Sudhakar was driving his vehicle when a police officer stopped him for speeding. The officer recovered Alprazolam, a controlled substance, from Sudhakar and charged him with reckless driving, *see* Tex. Transp. Code Ann. § 545.401, and possession of a controlled substance, *see* Tex. Health & Safety Code Ann. §§ 481.104, 481.117.

Sudhakar's attorney secured a plea arrangement in which the State agreed to dismiss the reckless driving charge if Sudhakar pled nolo contendere to the drug charge and accepted one year of deferred-adjudication community supervision. Neither Sudhakar's attorney nor Sudhakar knew, however, that the nolo contendere plea to the drug charges was a conviction for immigration law purposes and rendered Sudhakar presumptively deportable. *See* 8 U.S.C §§ 1101(a)(48)(A)(i), 1227(a)(2)(B)(i) (2006). Approximately seven months later, Sudhakar was arrested for possession of marijuana. The State filed a motion to adjudicate his guilt on the previous possession charge. Almost one year after his second arrest, as a result of Suhhakar's plea on the first charge, Immigration and Customs Enforcement officers took him into custody and initiated proceedings to deport him.

Sudhakar applied for a writ of habeas corpus and moved to set aside his plea, arguing that the plea was involuntary and he received ineffective assistance of counsel because his counsel failed to warn him of the immigration consequences of his plea. Following the hearing, the trial court granted Sudhakar's writ application

2

and ordered his plea set aside.  The State appealed.

On original submission, this court followed our precedent in *Aguilar v. State*, 375 S.W.3d 518, 522–24 (Tex. App.—Houston [14th Dist.] 2012), *rev'd*, 393 S.W.3d 787 (Tex. Crim. App. 2013), and applied the United States Supreme Court's holding in *Padilla* retroactively to Sudhakar's nolo contendere plea.  We held that Sudhakar's counsel rendered ineffective assistance by failing to properly inform him of the immigration consequences of his plea and affirmed the trial court's grant of habeas relief.  *Ex parte Sudhakar*, No. 14-11-00701-CR; 2012 WL 6061859, at *2–6.

## HABEAS CORPUS REVIEW

We generally review a trial court's decision on an application for habeas corpus under an abuse of discretion standard of review.  *See Ex parte Garcia*, 353 S.W.3d 785, 787 (Tex. Crim. App. 2011).  An applicant seeking post-conviction habeas corpus relief bears the burden of establishing by a preponderance of the evidence that the facts entitle him to relief.  *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002).  We consider the evidence presented in the light most favorable to the habeas court's ruling.  *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006).

## ANALYSIS

Sudhakar based his habeas corpus application on a denial of the effective assistance of counsel, which he argued rendered his plea involuntary.  To establish ineffective assistance of counsel, a criminal defendant must prove by a preponderance of the evidence that (1) his trial counsel's representation was deficient in that it fell below the standard of prevailing professional norms and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the

proceeding would have been different.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). At the hearing on his writ application, Sudhakar's counsel testified that he recited to Sudhakar the warning required by Texas Code of Criminal Procedure article 26.13(a)(4), which states that "a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law."  The attorney did not otherwise advise Sudhakar about the plea's likely immigration consequences..

In the trial court and on original submission, Sudhakar argued that the holding in *Padilla* should be applied retroactively.  After this court issued its opinion on original submission, the United States Supreme Court held in *Chaidez v. United States*, ___ U.S. ___, 133 S.Ct. 1103 (2013), that *Padilla* announced a "new rule" of criminal procedure so that "a person whose conviction is already final may not benefit from the decision in a habeas or similar proceeding."  *Id.* at 1107–08 (citing *Teague v. Lane*, 489 U.S. 288, 301 (1988)).  In addition, the Court of Criminal Appeals decided that *Padilla*'s rule does not apply retroactively under the Texas Constitution.  *See Ex parte De Los Reyes*, 392 S.W.3d at 675. Accordingly, we recognize the abrogation of the rule this court adopted in *Aguilar*, and we hold that *Padilla* does not apply retroactively to Sudhakar's counsel's representation in the underlying case.  *See Ex Parte Luna*, No. 14-11-01063-CR, 2013 WL 1197777 (Tex. App.—Houston [14th Dist.] Mar. 26, 2013, no pet.).

Because Sudhakar's conviction was final before *Padilla* was decided, pre-*Padilla* law applies to his habeas application alleging ineffective assistance of counsel.  Under that law, "while the Sixth Amendment assures an accused of effective assistance of counsel in criminal prosecutions, [it] does not extend to 'collateral' aspects of the prosecution."  *Ex parte Morrow*, 952 S.W.2d 530, 536

4

(Tex. Crim. App. 1997). Immigration consequences of a guilty or nolo contendere plea are considered collateral; therefore, Sudhakar's plea would not be rendered involuntary under the United States or Texas Constitutions even if his attorney were deficient in informing him of the consequences. *See State v. Jimenez*, 987 S.W.2d 886, 888–89 (Tex. Crim. App. 1999). Because Sudhakar had no constitutional right to effective assistance of counsel in warning about the collateral immigration consequences of his guilty plea, the trial court abused its discretion in granting his habeas application. *See Ex parte Luna*, 2013 WL 1197777, at *4.

Therefore, we reverse the trial court's order granting habeas corpus and reinstate Sudhakar's plea of nolo contendere.


/s/    J. Brett Busby
       Justice


Panel consists of Justices Frost, McCally, and Busby.

Publish — TEX. R. APP. P. 47.2(b).