# NO. 12-13-00265-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ISAIAS BENITEZ,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Isaias Benitez appeals the trial court's denial of his application for writ of habeas corpus. Appellant raises one issue challenging the voluntariness of his guilty plea. He bases his challenge on his trial counsel's ineffectiveness in failing to inform him of the clear immigration consequences of his plea, and on the trial court's misleading statements regarding those consequences. We affirm.

## BACKGROUND

In October 2004, Appellant, a citizen of El Salvador and permanent legal resident of the United States since 1992, was charged with delivery of a controlled substance, a third degree felony. In December 2004, Appellant pleaded "guilty" to the offense as charged under the trial court's "timely pass for plea" procedure. After reviewing a presentence investigation report, the trial court decided to defer a finding of guilt and place Appellant on community supervision for a term of four years. Appellant was then allowed to either accept the trial court's decision or have a jury trial on punishment. He accepted the trial court's decision and successfully completed deferred adjudication community supervision.

In 2011, Appellant went to El Salvador on a family vacation. When he returned, authorities detained him because of the delivery of a controlled substance offense. Appellant's

immigration attorney testified that this offense constitutes an aggravated felony under the Immigration Nationality Act and subjects Appellant to deportation proceedings upon his reentry into the country without the benefit of common defenses. She further testified that the fact that Appellant does not have a final conviction under state law does not exempt him from such action because the deferred adjudication constitutes a final conviction under federal immigration law.

After Appellant became the subject of deportation proceedings, he filed an article 11.072 application for writ of habeas corpus in this case in the hope that it would help with his immigration case.[1] He alleged that his guilty plea was involuntary because his trial counsel failed to advise him of the immigration consequences of his plea. He further alleged that he was misled by the trial judge regarding the immigration consequences. After an evidentiary hearing on the writ allegations, the trial court entered its findings of fact and conclusions of law and denied Appellant's application. This appeal followed.

### INVOLUNTARY PLEA

In his sole issue, Appellant argues that the trial court erred in denying his application for writ of habeas corpus because his trial counsel was ineffective for failing to advise him of the immigration consequences of his plea, and because the trial judge made misleading statements about the immigration consequences of deferred adjudication, rendering his guilty plea involuntary. He argues that we should apply the rule of *Padilla v. Kentucky*[2] retroactively in his case and reverse and remand the cause.

**Standard of Review**

An applicant seeking habeas corpus relief based on an involuntary guilty plea must prove his claim by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). In reviewing a trial court's ruling on a habeas claim, we view the evidence in the light most favorable to the ruling and uphold it absent an abuse of discretion. *Id.*

**Trial Counsel's Performance**

In reviewing an ineffective assistance of counsel claim, we follow the United States Supreme Court's two-pronged test in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986).

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (West Supp. 2014).

[2] 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010)

Under the ***Strickland*** test, an appellant must show that counsel's performance was "deficient," and that the "deficient performance prejudiced the defense." ***Strickland***, 466 U.S. at 687, 104 S. Ct. at 2064; ***Tong v. State***, 25 S.W.3d 707, 712.

The Supreme Court has held that the Sixth Amendment requires a criminal defense attorney to inform his client of the risk of automatic deportation as a result of his guilty plea. ***State v. Guerrero***, 400 S.W.3d 576, 587 (Tex. Crim. App. 2013) (citing ***Padilla v. Kentucky***, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010)). However, that rule does not apply retroactively to the collateral review of convictions final prior to the ***Padilla*** opinion in 2010. ***Chaidez v. United States***, 133 S. Ct. 1103, 185 L. Ed. 2d 149 (2013); ***Ex parte De Los Reyes***, 392 S.W.3d 675, 679 (Tex. Crim. App. 2013). Nor does ***Padilla*** apply retroactively in deferred adjudication cases that are considered final convictions under federal immigration law. *See* ***Guerrero***, 400 S.W.3d at 588. Thus, if an applicant has a conviction prior to ***Padilla*** for immigration law purposes, the failure of his trial counsel or the trial judge to inform him of the deportation consequences of his guilty plea does not entitle him to habeas corpus relief. *See* ***id.***

In this case, it is undisputed that Appellant's guilty plea and completed term of deferred adjudication community supervision constitute a final conviction under federal immigration law. Therefore, because Appellant's conviction was final before ***Padilla*** was decided, ***Padilla*** does not apply and we must apply pre-***Padilla*** law. *See* ***Ex parte Sudhakar***, 406 S.W.3d 699, 702 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). Under that law, the Sixth Amendment right to counsel does not extend to collateral consequences of a prosecution. ***Ex parte Morrow***, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997). Deportation is a collateral consequence of a prosecution. ***Hernandez v. State***, 986 S.W.2d 817, 821 (Tex. App.—Austin 1999, pet. ref'd) (citing ***State v. Jimenez***, 987 S.W.2d 886, 888-89 (Tex. Crim. App. 1999)). Thus, Appellant's plea was not involuntary under the United States or Texas Constitutions because of any failure of his trial counsel to warn him about the immigration consequences of his plea. *See* ***Ex parte Sudhakar***, 406 S.W.3d at 702.

**Trial Court's Admonitions**

"A finding that a defendant was duly admonished creates a prima facie showing that a guilty plea was entered knowingly and voluntarily." ***Martinez v. State***, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). Before a defendant pleads guilty, the trial court is required to admonish him that, "if [he] is not a citizen of the United States of America, a plea of guilty or nolo

contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law." TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(4) (West Supp. 2014). "[S]ubstantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court." *Id.* art. 26.13(c) (West Supp. 2014).

The record shows, and Appellant concedes, that the trial court admonished him prior to his guilty plea in accordance with article 26.13(a)(4). He argues, however, that later statements by the trial court misled him regarding the effects of deferred adjudication on his immigration status. Specifically, the trial judge stated as follows:

> [T]his can affect your immigration/naturalization status. The deferred probably will help in that respect, but if you plan on living in this country your whole life, you really want to be careful, because they've—Immigration and Naturalization, they've just about had it as much as the juries have had it with people who deal drugs, okay? So you need to stop and reevaluate.

The trial judge then told Appellant about a young man who was deported to South Africa because of a drug conviction after living in this country since infancy.

All of these statements were made after the guilty plea; therefore, whether the statements were misleading or not, none of them could have influenced the voluntariness of the plea.

Appellant has failed to show that the trial court's admonitions harmed or misled him in making his plea. Therefore, we conclude that Appellant's plea was not involuntary because of the trial court's admonitions.

## Holding

Because Appellant failed to show that his plea was involuntary, the trial court did not err in denying his requested habeas relief. Accordingly, we overrule Appellant's sole issue.

### DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's order denying his application for writ of habeas corpus.

SAM GRIFFITH
Justice

Opinion delivered November 25, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 25, 2014**

**NO. 12-13-00265-CR**

**ISAIAS BENITEZ,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1654-04)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*