# NO. 12-14-00107-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JULIO SAUCEDO,*<br>*APPELLANT* | § | *APPEAL FROM THE 145TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Julio Saucedo appeals the trial court's denial of his application for writ of habeas corpus. Appellant raises three issues challenging the voluntariness of his guilty plea. We affirm.

## BACKGROUND

In December 2002, Appellant was charged with possession of marijuana in an amount of two thousand pounds or less, but more than fifty pounds. In January 2003, Appellant entered a negotiated plea of guilty. The trial court deferred a finding of guilt, placed Appellant on community supervision for a term of eight years, and assessed a fine of $2,500.00. In July 2007, the trial court dismissed the indictment and granted Appellant an early discharge from community supervision.

In March 2013, Appellant filed an application for writ of habeas corpus with the trial court. He alleged that his guilty plea was involuntary because his trial counsel failed to advise him of the immigration consequences of his plea. The trial court entered findings of fact and conclusions of law and denied Appellant's application. This appeal followed.

## INVOLUNTARY PLEA

In his first issue, Appellant argues that his trial counsel was ineffective for failing to advise him of the immigration consequences of his plea, rendering his guilty plea involuntary. In

his second issue, he argues that we should apply the rule of *Padilla v. Kentucky*[1] retroactively in his case. In his third issue, he argues that his trial counsel was ineffective by affirmatively misleading him about the immigration consequences of his plea, rendering his guilty plea involuntary.

## Standard of Review

An applicant seeking habeas corpus relief based on an involuntary guilty plea must prove his claim by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). In reviewing a trial court's ruling on a habeas claim, we view the evidence in the light most favorable to the ruling and uphold it absent an abuse of discretion. *Id.*

## Applicability of *Padilla*

The Supreme Court has held that the Sixth Amendment requires a criminal defense attorney to inform his client of the risk of automatic deportation as a result of his guilty plea. *State v. Guerrero*, 400 S.W.3d 576, 587 (Tex. Crim. App. 2013) (citing *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010)). However, that rule does not apply retroactively to the collateral review of convictions final prior to the *Padilla* opinion in 2010. *Chaidez v. United States*, 133 S. Ct. 1103, 1110, 185 L. Ed. 2d 149 (2013); *Ex parte De Los Reyes*, 392 S.W.3d 675, 679 (Tex. Crim. App. 2013). Nor does *Padilla* apply retroactively in deferred adjudication cases that are considered final convictions under federal immigration law. *See Guerrero*, 400 S.W.3d at 588. Thus, if an applicant has a conviction prior to *Padilla* for immigration law purposes, any failure of his trial counsel or the trial judge to inform him of the deportation consequences of his guilty plea does not entitle him to habeas corpus relief. *See id.*

In this case, Appellant pleaded guilty in 2003, before *Padilla* was decided in 2010. He completed his term of deferred adjudication community supervision in 2007. Therefore, Appellant's conviction became final for federal immigration law purposes in 2003, and *Padilla* does not apply. *See id.* Accordingly, we overrule Appellant's second issue.

## Trial Counsel's Failure to Warn of Immigration Consequences

Because *Padilla* does not apply in this case, we must apply pre-*Padilla* law to Appellant's ineffective assistance claim. *See Ex parte Sudhakar*, 406 S.W.3d 699, 702 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). Under that law, the Sixth Amendment right to counsel does not extend to collateral consequences of a prosecution. *Ex parte Morrow*, 952

---

[1] 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010)

S.W.2d 530, 536 (Tex. Crim. App. 1997). Deportation is a collateral consequence of a prosecution. *Hernandez v. State*, 986 S.W.2d 817, 821 (Tex. App.—Austin 1999, pet. ref'd) (citing *State v. Jimenez*, 987 S.W.2d 886, 888-89 (Tex. Crim. App. 1999)). Thus, Appellant's plea was not involuntary under the United States or Texas Constitutions because of any failure of his trial counsel to warn him about the immigration consequences of his plea. *See Ex parte Sudhakar*, 406 S.W.3d at 702. Accordingly, we overrule Appellant's first issue.

## Affirmative Misleading of Trial Counsel

In support of Appellant's argument that trial counsel affirmatively misled him about the immigration consequences of his plea, he asserts only that his trial counsel never informed him that deferred adjudication would result in a conviction for immigration law purposes. However, a failure to inform does not constitute affirmative misleading. Therefore, Appellant's argument is without merit. Accordingly, we overrule Appellant's third issue.

## Holding

Because Appellant failed to show that his trial counsel was ineffective or that his guilty plea was involuntary, the trial court did not err in denying his requested habeas relief.

### DISPOSITION

Having overruled Appellant's first, second, and third issues, we *affirm* the trial court's order denying his application for writ of habeas corpus.

GREG NEELEY
Justice

Opinion delivered May 29, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 29, 2015**

**NO. 12-14-00107-CR**

**JULIO SAUCEDO,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 145th District Court

of Nacogdoches County, Texas (Tr.Ct.No. F10816-2002)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*