**Opinion issued November 28, 2017**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-17-00383-CR

————————————

## EX PARTE JAIME ALEXANDER BLANCO

---

## On Appeal from the 240th District Court
## Fort Bend County, Texas
## Trial Court Case No. 96-DCR-027953

---

## MEMORANDUM OPINION

Appellant, Jaime Alexander Blanco, appeals from the trial court's order

denying him habeas corpus relief pursuant to Articles 11.072 and 11.08 of the Texas

Code of Criminal Procedure.[1] Blanco contends that his trial counsel was ineffective

---

[1]     *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 § 8 (West 2016) (providing for appeal in felony or misdemeanor case in which applicant seeks relief from order or judgment of conviction ordering community supervision); *id.* at art. 11.08 ("If a person is confined after indictment on a charge of felony, he may apply to the judge

because his counsel did not properly advise Blanco of the immigration consequences of his 1996 guilty plea, even though it was entered before the issuance of *Padilla v. Kentucky*, 559 U.S. 356, 376, 130 S. Ct. 1473 (2010). But *Padilla*, which established a new rule requiring counsel to inform defendants of the risk of deportation when entering guilty pleas, does not apply retroactively to cases that became final prior to its holding. Accordingly, we affirm the trial court's order denying Blanco's application.

## Background

Blanco is a citizen of El Salvador who has been a lawful permanent resident of the United States since 1992. On August 12, 1996, Blanco pleaded guilty to the second-degree felony offense of burglary of a habitation, for which the State was seeking ten years' confinement. *See* TEX. PENAL CODE ANN. §§ 12.33, 30.02(a)(3), (c)(2) (West 2016). However, because he had never been convicted of a felony before this crime, Blanco was placed on ten years' probation and ordered to pay $1,200.00 in restitution, a $300.00 fine, and $126.50 in court costs, in accordance with his agreement with the State. *See* TEX. PENAL CODE ANN. §§ 42.12 § 5(a) (West 2016). In addition, Blanco was also ordered to serve 90 days in county jail, complete

---

of the court in which he is indicted; or if there be no judge within the district, then to the judge of any district whose residence is nearest to the court house of the county in which the applicant is held in custody") (West 2016).

2

240 hours of community service, and comply with all the other conditions of his probation.

On October 29, 2000, after the State moved to revoke Blanco's probation, Blanco pleaded true to several violations, including a misdemeanor DWI conviction, in exchange for the State's recommendation that his punishment be assessed at four years' confinement. On November 27, 2000, the trial court revoked Blanco's probation and sentenced him to four years' confinement. Blanco did not appeal and the judgment revoking probation subsequently became final.

On November 28, 2016, more than twenty years after his 1996 plea, Blanco, through habeas counsel, filed a habeas application, under Articles 11.072 and 11.08, with a motion to set aside the plea agreement. Blanco claimed that his guilty plea was involuntary because, even under pre-*Padilla* law, he was not properly advised by counsel of the immigration consequences of his plea. Blanco's application included an order from an immigration judge, signed on January 27, 2016, indicating that, after his naturalization application had been denied in 2015, he had been detained for removal based on his criminal history.

### *The Habeas Court's Hearing and Findings of Fact and Conclusions of Law*

A hearing was held on Blanco's writ on February 21, 2017, with his trial counsel, RoseMary Galvan Schulze, the only witness called to testify. At the

hearing, Blanco's habeas counsel, Eduardo Franco, questioned Schulze[2] about her general policy of providing immigration admonishments to her clients and if she recalled what she had advised to Blanco before his 1996 guilty plea. At the end of the writ hearing, the habeas court orally denied Blanco's writ.

On March 9, 2017, Blanco filed a premature notice of appeal from the oral denial of his habeas application, and the district clerk assigned his appeal to this Court on March 10, 2017. On May 25, 2017, the trial court signed an order denying Blanco's writ of habeas corpus and motion to set aside the plea agreement. Blanco's notice of appeal is deemed to have been filed on May 25, 2017. *See* TEX. R. APP. P. 27.1(b).

On June 13, 2017, because no certification of Blanco's right of appeal of the order denying Blanco's habeas application had been included with the clerk's record, the Clerk of this Court requested a certification from the district clerk. *See* TEX. R. APP. P. 37.1. On July 25, 2017, because the required findings of fact and conclusions of law had not been filed, this Court abated this appeal for both the certification and findings and conclusions. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 7(a) (West 2016).

---

[2] At the hearing, while Schulze's last name was Galvan-Schulze when she represented Blanco in 1996, she clarified that she was just Schulze now and that she is retired.

On August 14, 2017, the habeas court signed the "Court's Order and Findings of Fact and Conclusions of Law Regarding the Applicant's Application for Writ of Habeas Corpus (CCP 11.072–Order of Community Supervision)." The habeas court denied Blanco's habeas application and further entered the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

1. On or about May 16, 1996, Applicant was arrested for the offense of burglary of a habitation, in Fort Bend County, Texas. (Indictment)[.]

2. On August 12, 1996, pursuant to a plea bargain with the State, Applicant pled guilty to the charge of burglary of a habitation, in this cause number. (Judgment, Conditions of Probation).

3. In accordance with the plea agreement, the trial court placed Applicant on ten (10) years' probation, in accordance with a plea bargain with the State [sic]. (Judgment, Conditions of Probation).

4. On November 28, 2016, Applicant filed his Application for Writ of Habeas Corpus pursuant to Article 11.072 of the Code of Criminal Procedure. (Application for Writ of Habeas Corpus).

5. Approximately 20 years passed between the entry of Applicant's plea in this case and the filing of his Application for Writ of Habeas Corpus.

6. An evidentiary hearing was held on Applicant's Application for Writ of Habeas Corpus. Applicant's trial counsel, Rosemary Galvan Schulze, testified at this hearing. The trial court found Galvan Schulze's testimony credible.

7. Galvan Schulze was familiar with the prevailing standards of practice regarding the provision of immigration advice to non-citizen criminal defendants at the time of Applicant's plea.

5

8.  Galvan Schulze did not have a specific recollection of exactly what her interactions were with Applicant.

9.  Galvan Schulze would have advised Applicant regarding any potential immigration consequences prior to the entry of his plea in this case because this was her standard practice at the time, despite this not being a constitutional mandate in 1996.

10. Galvan Schulze further advised Applicant regarding the potential immigration consequences of his plea when she advised him of the paragraph in the Court's plea papers which states that "If you are not a citizen of the United States of America, your plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law." (Admonishments in Court's Plea Paperwork).

11. Applicant initialed the paragraph in the plea paperwork advising him of the potential immigration consequences of his plea. (Admonishments in Court's Plea Paperwork).

## CONCLUSIONS OF LAW

1.  The applicant for a writ of habeas corpus has the burden of proving his allegations by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ulloa v. State*, 370 S.W.3d 766 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd[]). Applicant in this case failed to prove his allegations of ineffective assistance of counsel by a preponderance of the evidence.

2.  The United States Supreme Court enunciated the test for claims of ineffective assistance of counsel in the Sixth Amendment context in *Strickland v. Washington*, 466 US. 668, 686, 104 S. Ct. 2052, [sic] (1984). The standard enumerated in *Strickland* is that a defendant claiming ineffective assistance of counsel must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant. *Id.* This standard has

6

been adopted by the Texas Court of Criminal Appeals for all phases of trial. *Hernandez v. State*, 988 S.W.2d 770 (Tex. Crim. App. 1999). Reviewing courts presume that counsel's conduct falls within the wide range of reasonable professional assistance, and reviewing courts will find counsel's performance deficient only if the conduct is so outrageous that no competent attorney would have engaged in it. *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005). Applicant's trial counsel's representation did not fall below an objective standard of reasonableness in that his conduct was not so outrageous that no competent attorney would have engaged in it.

3.      When an applicant has pled guilty, "the applicant satisfies the prejudice prong by showing a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on a jury trial.'" *Ex parte Niswanger*, 335 S.W.3d 611, [sic] (Tex. Crim. App. 2011) (quoting *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). However, an applicant in a habeas corpus case alleging prejudice due to negative immigration consequences must not only allege that he would have insisted on a jury trial but for his counsel's errors, but also that the decision to reject the plea bargain and proceed to trial would have been a rational one under the circumstances. *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010). The question of whether that decision would be rational necessarily involves an evaluation of the facts of the underlying case. *Mangum v. Hargett*, 67 F.3d 80, 84 (5th Cir. 1995).

4.      The United State's [sic] Supreme Court's holding in *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010), that a criminal defense lawyer has an affirmative duty to advise a noncitizen client of the potential immigration consequences of his plea bargain is a new rule of procedure, and as such does not apply retroactively. *Chaidez v. United States*, 133 S.Ct. 1103 (2013); *Ex parte De Los Reyes*, 392 S.W.3d 675, 679 (Tex. Crim. App. 2013).

5.      The equitable doctrine of laches applies to article 11.072 writ proceedings. *Ex parte Bowman*, 447 S.W.3d 887, 888 (Tex. Crim. App. 2014). The application of this doctrine in an 11.072

proceeding is a question of fact. *Id.* The trial court is the sole finder of fact in an article 11.072 proceeding. *Id.* A court may sua sponte consider and determine whether laches should bar relief. *Ex parte Smith*, 444 S.W.3d 661, 667 (Tex. Crim. App. 2014).

6.   Whether laches applies in a postconviction application for writ of habeas corpus is a decision that courts should consider on a case-by-case basis. *Ex parte Smith*, 444 S.W.3d 661, 666 (Tex. Crim. App. 2014). In considering whether laches should apply in a given case, the court should consider "among other things, the length of applicant's delay in requesting equitable relief, the reasons for the delay, and the degree and type of prejudice borne by the State resulting from the applicant's delay." *Id.* at 666-67. However, laches should not apply based on delay alone, but the delay may be excused when the record shows that the applicant's delay was not unreasonable because it was due to a justifiable excuse or excusable neglect, the State would not be materially prejudiced as a result of the delay; or the applicant is entitled to equitable relief for other compelling reasons, such as newly discovered evidence showing his actual innocence. *Id.* at 667.

7.   The Court's written admonishment that a noncitizen defendant may be deported, denied admission or denied naturalization contained in the court's plea paperwork, which the Applicant initialed, is in compliance with Texas Code of Criminal Procedure Article 26.13. Tex. Code Crim. Proc. Ann. art. 26.13 §(a)(4).

8.   Applicant failed to prove, by a preponderance of the evidence, that his counsel was ineffective under the *Strickland/Padilla* analysis because Applicant's trial counsel testified that she properly admonished her clients at the time as to the immigration consequences of their pleas, even though this was not required in 1996.

9.   Under pre-*Padilla* law, immigration consequences were a collateral consequence of the conviction at the time Applicant entered his plea. Therefore, Applicant's trial counsel did not

8

have a duty to advise him of the immigration consequences attendant to his plea in 1996. *Ex parte Sudhakar*, 406 S.W.3d 699, 702 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd).

10. Because Applicant's trial counsel had no duty to advise Applicant of the immigration consequences of his plea in 1996, even assuming she did not correctly so advise him, this was a collateral consequence under pre-*Padilla* law, and Applicant's trial counsel would not have been acting ineffectively under the law at that time.

11. Applicant has not shown that he was prejudiced by any alleged ineffectiveness of his trial counsel because he did not prove that this plea would have made him deportable in and of itself, nor that there were no waivers of deportation available under his particular circumstances.

12. Setting aside the merits of Applicant's application and proof, the equitable doctrine of laches bars relief in this case. This is because Applicant's 20-year delay in filing this action was not due to a justifiable reason, the State was prejudiced by a lack of a specific recollection on the part of Applicant's trial counsel of her interactions with Applicant, and there was no evidence that Applicant should be entitled to equitable relief for some other compelling reason (i.e. actual innocence or the like).

On October 10, 2017, the district clerk filed a supplemental clerk's record containing the trial court's signed certification, which stated that this was not a plea-bargain case and that Blanco has a right of appeal from the denial of his habeas application. *See* TEX. R. APP. P. 25.2(a)(2). On October 17, 2017, this Court reinstated this case and set it for submission without briefs. *See id.* 31.1.

**DISCUSSION**

**A.    Standard of Review**

9

An applicant seeking habeas corpus relief based on an involuntary guilty plea must prove his claim by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006) (citation omitted). When reviewing the trial court's ruling on a habeas corpus application, we view the facts in the light most favorable to the trial court's ruling and will uphold it absent an abuse of discretion. *Ex parte Duque*, No. 01-15-00014-CR, — S.W.3d —, 2017 WL 4067110, at *7 (Tex. App.—Houston [1st Dist.] Sept. 14, 2017, no pet. h.) (citing *Kniatt*, 206 S.W.3d at 664). A trial court does not abuse its discretion if its ruling lies within "the zone of reasonable disagreement." *Id.* (citing *Bigon v. State*, 252 S.W.3d 360, 367 (Tex. Crim. App. 2008)).

"When, as here, an applicant seeks relief under Article 11.072 from an order that orders community supervision, 'the trial judge is the sole finder of fact.'" *Ex parte Duque*, 2017 WL 4067110, at *7 (quoting *Ex parte Torres*, 483 S.W.3d 35, 43 (Tex. Crim. App. 2016) (citation omitted)). "In this setting, we afford almost total deference to a trial court's factual findings when they are supported by the record, especially when those findings are based upon credibility and demeanor." *Ex parte Torres*, 483 S.W.3d at 42 (citations omitted). "We similarly defer to any implied findings and conclusions supported by the record." *Ex parte Duque*, 2017 WL 4067110, at *7 (internal quotation marks and citation omitted). However, we review

de novo mixed questions of law and fact that do not depend upon credibility and demeanor. *See id.* (citation omitted).

## B.    Applicable Law

The two-pronged *Strickland* test applies to challenges to guilty pleas, such as the one in the present case, premised on ineffective assistance of counsel. *See Ex parte Obi*, 446 S.W.3d 590, 596 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (citing *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 370 (1985)). Thus, to be entitled to relief, Blanco was required to show by a preponderance of the evidence that (1) trial counsel's performance fell below the objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S. Ct. 2052, 2064, 2068 (1984).

In *Padilla v. Kentucky*, the United States Supreme Court held in 2010 that the Sixth Amendment requires an attorney for a criminal defendant to provide advice about the risk of deportation arising from a guilty plea. 559 U.S. 356, 130 S. Ct. at 1473. Blanco's habeas application concedes that his 1996 guilty plea was entered before *Padilla*. However, Blanco still asserts that, even under pre-*Padilla* law, his

plea was made involuntary due to ineffective assistance because his trial counsel should have advised him about the immigration consequences of his plea.

But Blanco's burglary conviction became final in 2000 and it is well-settled law that *Padilla* created a "new rule" of constitutional procedure that does not apply retroactively to convictions that became final before the Supreme Court handed down *Padilla* in 2010. *See Chaidez v. United States*, 568 U.S. 342, 344, 133 S. Ct. 1103, 1105 (2013); *State v. Guerrero*, 400 S.W.3d 576, 588 (Tex. Crim. App. 2013); *Ex parte De Los Reyes*, 392 S.W.3d 675, 679 (Tex. Crim. App. 2013). Because *Padilla* does not apply retroactively to Blanco's 2000 burglary conviction, he "is not entitled, as a matter of constitutional law, to habeas-corpus relief based on a failure by either an attorney or the trial judge to warn him about collateral deportation consequences." *Guerrero*, 400 S.W.3d at 588. "Nor was he entitled to such admonishments . . . before his guilty plea could be recognized as intelligent and voluntary." *Id*.

## C. Analysis

In this case, because Blanco's 1996 guilty plea, which became final in 2000, was before *Padilla* was decided in 2010, pre-*Padilla* law applies to his habeas application. *See Ex Parte Luna*, 401 S.W.3d 329, 334 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *see also Ex parte Medina*, No. 01-16-00673-CR, 2017 WL 343614, at *2 (Tex. App.—Houston [1st Dist.] Jan. 24, 2017, no pet.) (per curiam)

12

(mem. op., not designated for publication). Under applicable pre-*Padilla* law, "while the Sixth Amendment assures an accused of effective assistance of counsel in criminal prosecutions, [it] does not extend to 'collateral' aspects of the prosecution." *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997). Immigration consequences of a guilty plea were considered a collateral matter; therefore, Blanco's plea would not be rendered involuntary even if his attorney was deficient in informing him of the consequences. *See State v. Jimenez*, 987 S.W.2d 886, 888–89 (Tex. Crim. App. 1999) ("That a guilty plea may result in deportation is generally considered a collateral consequence."); *Ex parte Luna*, 401 S.W.3d 329, 334 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ("Immigration consequences of a guilty plea are considered collateral; therefore, [applicant's] plea would not be rendered involuntary under the United States or Texas Constitutions even if his attorney was deficient in informing him of the consequences.").

As noted above, we must "afford almost total deference to a trial court's factual findings when they are supported by the record, especially when those findings are based upon credibility and demeanor." *Ex parte Torres*, 483 S.W.3d at 42. Here, the habeas court found Blanco's trial counsel, Schulze, to be credible because it found that she "would have advised Applicant regarding any potential immigration consequences prior to the entry of his plea in this case because this was her standard practice at the time, despite this not being a constitutional mandate in

13

1996." In any event, even if Schulze did not correctly advise Blanco, because Blanco had no constitutional right to be informed about collateral immigration consequences at the time of his 1996 guilty plea, the habeas court did not abuse its discretion in denying Blanco's habeas application because he cannot demonstrate that his trial counsel was ineffective. *See Luna*, 401 S.W.3d at 334–35; *see also Ex parte Medina*, 2017 WL 343614, at *2. Thus, because *Padilla* does not apply retroactively to Blanco's 1996 guilty plea, he is not entitled to habeas-corpus relief based on a failure by his trial attorney to warn him about collateral immigration consequences of his guilty plea. *See Guerrero*, 400 S.W.3d at 588.

Therefore, we hold that the trial court acted within its discretion in denying Blanco habeas relief. We overrule his sole issue.[3]

## Conclusion

Accordingly, we affirm the district court's order denying Blanco's habeas application and motion to set aside the plea agreement.

---

[3] Although the habeas court alternatively denied Blanco's application on the basis of laches, we need not address whether laches also applied because we would affirm the habeas court's right result even if it provided the wrong legal explanation. *See Calloway v. State*, 743 S.W.2d 645, 651–52 (Tex. Crim. App. 1988) ("[I]t is well established that the mere fact that a correct ruling is given for the wrong reason will not result in a reversal. If the decision is correct on any theory of law applicable to the case it will not be disturbed."); *see also Ex parte Medina*, 2017 WL 343614, at *2.

14

Laura Carter Higley
Justice

Panel consists of Chief Justice Radack and Justices Higley and Bland.

Do not publish. TEX. R. APP. P. 47.2(b).