

# IN THE
# TENTH COURT OF APPEALS

## No. 10-17-00032-CR

## EX PARTE MICHAEL TING-HUEI KUNG

**From the 272nd District Court
Brazos County, Texas
Trial Court No. 13-02265-CRF-272-A**

## MEMORANDUM OPINION

In May of 2015, Michael Ting-Huei Kung pled guilty to the offense of possession of a controlled substance in the amount one gram or more but less than four grams and in a drug-free zone. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.116 (West 2017). The trial court deferred an adjudication of guilt and placed Kung on community supervision for five years. Kung did not appeal. In September of 2016, he filed an application for writ of habeas corpus pursuant to article 11.072 of the Texas Code of Criminal Procedure asking the trial court to vacate his sentence and order a new trial. The trial court granted Kung's application. Because the trial court did not abuse its discretion in granting the application or in rejecting the State's asserted defense, the trial court's order is affirmed.

BACKGROUND

Kung was a student at Texas A&M University. He wanted to go to dental school and ultimately take over his father's dental practice. Kung's roommate was Nusrat Hossain. A search warrant was issued and executed at the duplex they shared based on information from a confidential informant that marijuana was being sold from the residence. Marijuana was found in Hossain's room while six Adderall tablets were found in Kung's desk drawer.[1] Kung and Hossain were each charged with possession of a controlled substance in a drug-free zone. Kung hired an attorney to represent him and informed the attorney about his desire to attend dental school. Soon after, Hossain hired the same attorney. Counsel ultimately obtained plea bargains for both Kung and Hossain.

Kung alleged in his application for writ of habeas corpus that trial counsel was ineffective because counsel had a conflict when he represented Kung and Hossain and that but for counsel's ineffectiveness in failing to challenge the search warrant or the confidential informant's reliability or in failing to adequately advise Kung of the consequences of his plea on his desire to attend dental school, he would not have waived his right to trial and pled guilty. In response, the State denied Kung's allegations and asserted the doctrine of laches as a defense. The trial court's order did not specify on which alleged ground it granted Kung's application but specifically denied the State's defense.

---

[1] No claim was made that Kung lawfully possessed the Adderall through a prescription.

In two issues on appeal, the State asserts that the trial court abused its discretion in granting Kung's application for writ of habeas corpus based on Kung's ineffective assistance of counsel claims and in rejecting the State's defense of laches.

**WRIT OF HABEAS CORPUS**

The State raises four arguments to support its assertion that the trial court abused its discretion in granting Kung's application: 1) there was no conflict of interest where counsel represented both Kung and Kung's co-defendant; 2) Kung's plea of guilty was not involuntary where counsel advised Kung to plead guilty but advised the co-defendant to go to a jury trial; 3) counsel provided effective assistance where he did investigate a search warrant issue, but determined it was meritless; and 4) counsel provided effective assistance where counsel advised Kung of the risks that felony deferred adjudication probation would have on Kung's ability to attend dental school and Kung did not insist on going to trial. We discuss only the fourth argument because it is dispositive of this issue.

*Standard of Review/Burden of Proof*

Article 11.072 of the Texas Code of Criminal Procedure is "the exclusive means by which the district courts may exercise their original habeas jurisdiction under Article V, Section 8, of the Texas Constitution" in cases involving an individual who is serving a term of community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (West 2015); *Ex parte Torres*, 483 S.W.3d 35, 42 (Tex. Crim. App. 2016); *Ex parte Villanueva*, 252 S.W.3d 391, 397 (Tex. Crim. App. 2008). An applicant for an article 11.072 writ of habeas corpus bears the burden of proving his claim by a preponderance of the evidence. *Ex parte Torres*,

483 S.W.3d 35, 43 (Tex. Crim. App. 2016); *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002). In an 11.072 application, the trial judge is the sole finder of fact. *Torres*, 483 S.W.3d at 42; *State v. Guerrero*, 400 S.W.3d 576, 583 (Tex. Crim. App. 2013). Thus, we afford almost total deference to a trial court's factual findings, especially findings based on credibility and demeanor, and conclusions of law when they are supported by the record. *Id.; Ex parte Garcia*, 353 S.W.3d 785, 788 (Tex. Crim. App. 2011) (observing that, in context of Article 11.072 application, the courts of appeals and the Court of Criminal Appeals "are truly appellate courts," and, thus, there is "less leeway" to disregard trial court's factual findings); *Ex parte Reed*, 271 S.W.3d 698 (Tex. Crim. App. 2008) (conclusions also given deference when supported by the record).

*Ineffective Assistance*

As stated previously, Kung claimed that his trial counsel was ineffective because counsel failed to adequately advise Kung of the consequences of Kung's plea on his goal to attend dental school. Generally, to demonstrate entitlement to habeas relief on the basis of ineffective assistance of counsel, an applicant must demonstrate that (1) counsel's performance was deficient, in that it fell below an objective standard of reasonableness, and (2) the applicant was prejudiced as a result of counsel's errors, in that, but for those errors, there is a reasonable probability of a different outcome. *Strickland v. Washington*, 466 U.S. 668, 687, 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Torres*, 483 S.W.3d at 43.

<u>Deficient Performance</u>

The trial court found that Kung pled guilty because counsel assured him the plea would not have an adverse impact on Kung's admission into dental school. The State

challenges this finding, arguing that it has no support in the record and it conflicts with the trial court's finding that counsel told Kung to do his own research. But the finding has support in the record. Kung testified that counsel gave him encouragement to plead guilty when counsel told Kung how previous clients who were in similar situations were still accepted into professional schools that required licensing. Kung stated, "once he told me about the previous clients that he had, that's when — that's when I — that's when all my concerns were relieved." Kung made similar assertions in his affidavit in support of his application for writ of habeas corpus. The trial court found Kung to be credible.[2]

Simply because the trial court also found that counsel told Kung to do his own research does not negate the court's other finding. It is logical to conclude that the trial court made the finding, along with others, not to show a conflict with Kung's testimony but to illustrate how counsel's performance fell below an objective standard of reasonableness. The trial court found that counsel testified he was fully aware that Kung had a significant interest in attending dental school and obtaining a dental license; that counsel told Kung to do his own research about whether a felony deferred adjudication for a drug crime would adversely affect or preclude Kung from being admitted into dental school; and that counsel made no attempt to consult with a specialized attorney or anyone at a dental school about the collateral consequences of a felony deferred adjudication for a drug crime on Kung's ability to go to dental school. These findings are supported by the record. Further, two experts testified that counsel should have either

---

[2] The trial court did not make any credibility determinations regarding counsel.

brought in or consulted with an expert to answer Kung's questions or inform Kung in writing that he did not know what the consequences would be and that Kung should seek additional legal advice.

Competent counsel has a duty to render his best judgment to his client about what plea to enter, and that judgment should be informed by an adequate and independent investigation of the facts of the case. *Ex parte Reedy*, 282 S.W.3d 492, 500 (Tex. Crim. App. 2009). The court's findings, taken together with the entire record, demonstrate that by not conducting, or even being willing to conduct, an independent investigation but yet calming Kung's fears with examples of others in a similar predicament receiving professional licenses, counsel did not use his best judgment. Further, we find this record supports the trial court's conclusion that "[b]y advising [Kung] that being placed on 3rd degree felony deferred adjudication in this case would not negatively affect his ability to gain admission into dental school, [counsel's] performance fell below an objective standard of reasonableness expected of lawyers in the State of Texas."

*Prejudice*

The correct measure of prejudice for an attorney's deficient performance that might have caused a defendant to waive a judicial proceeding is whether there is a reasonable likelihood that the defendant would have opted for the proceeding if his attorney had performed adequately. *See Miller v. State*, 548 S.W.3d 497, 502 (Tex. Crim. App. 2018). *See also Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985); *Ex parte Torres*, 483 S.W.3d 35, 43 (Tex. Crim. App. 2016) (but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial); *Ex*

*parte Harrington*, 310 S.W.3d 452, 460 (Tex. Crim. App. 2010) (applicant met burden of showing a reasonable probability that, but for counsel's erroneous advice, he would not have entered a guilty plea).

Kung alleged in his application that he would not have pled guilty and would have insisted on going to trial. At the hearing, Kung testified that had he known the plea would have interfered with his ability to go to dental school, he would have insisted on some action that would not destroy his future career as a dentist. The trial court specifically concluded that but for counsel's ineffectiveness, Kung would not have pled guilty. Although Kung did not explicitly say at the hearing that he would not have pled guilty and would have insisted on going to trial, it was clear from the record that Kung's primary concern was whether the plea bargain offered would affect his desire to attend dental school. Kung needed only to prove his right to habeas relief by a preponderance of the evidence, and we find the trial court's determination that Kung would not have pled guilty to be supported by the record.

Because we afford almost total deference to a trial court's factual findings, especially when those findings are based on credibility and demeanor, and conclusions when they are supported by the record, we find the trial court did not abuse its discretion in granting Kung's application based on counsel's alleged ineffectiveness in failing to adequately advise Kung of the consequences of Kung's plea on his goal to attend dental school.

Accordingly, the State's first issue is overruled.[3]

**LACHES**

In its second issue, the State contends the trial court abused its discretion in rejecting its "affirmative defense of laches." In its written response to Kung's application, the State alleged that laches barred Kung's writ because the State destroyed the evidence in the case and, as a result, can no longer retry Kung. The trial court concluded that the State did not prove laches.

The Texas common-law doctrine of laches typically requires proof by a preponderance of the evidence of two elements: unreasonable delay by the opposing party and prejudice resulting from the delay. *Ex parte Perez*, 398 S.W.3d 206, 210 n.3 (Tex. Crim. App. 2013). Whether laches applies in an 11.072 writ proceeding is determined on a case-by-case basis. *Ex parte Smith*, 444 S.W.3d 661, 666 (Tex. Crim. App. 2014). Its applicability is a question of fact, and the trial court is the sole factfinder. *Ex parte Bowman*, 447 S.W.3d 887, 888 (Tex. Crim. App. 2014). As to the prejudice element, no longer is a "particularized showing of prejudice" required of the State. *Perez*, 398 S.W.3d at 215. Proof of prejudice is applied on a sliding scale where the longer the delay, particularly when the delay is much more than five years after the conclusion of direct appeals, the less prejudice must be shown. *Id.* at 217-218.

According to the clerk's record, Kung pled guilty on May 1, 2015 and was placed on deferred adjudication community supervision. He did not appeal. As a part of his

---

[3] Because of our determination on this part of the State's first issue, the remainder of the State's first issue need not be discussed.

written guilty plea and waiver of rights, Kung consented to the destruction of any evidence seized in connection with his arrest and prosecution. Although the trial court authorized the destruction of the evidence after the expiration of 40 days from May 1, 2015, the State opted to retain the evidence because Hossain's case was still pending. Hossain pled guilty on January 19, 2016, and the trial court authorized the destruction of the evidence after the expiration of 40 days from that date. The State did not opt to retain the evidence. About six months later, the drug evidence was destroyed on July 8, 2016. Kung filed his application for writ of habeas corpus on September 21, 2016, two months after the evidence was destroyed.

There was no evidence as to the exact date when Kung surmised that his plea had compromised his ability to attend dental school. By the end of March of 2016 when he signed his affidavit attached to his application, Kung suspected that his applications for dental school were not being considered because of his felony drug offense. Further, there was no evidence that Kung knew when the State was going to or did destroy the evidence in connection with Kung's drug offense.

The first element of laches prevents a claimant from asserting a claim to due to an unreasonable delay in making the claim. Here, the State did not argue that Kung unreasonably delayed in filing his application; it argued only that it was prejudiced. After a review of this record, we cannot say that the delay of a year and four months between Kung's plea and the filing of his application was unreasonable. Because we do not find an unreasonable delay, we need not discuss whether the State was prejudiced.

Accordingly, the trial court did not abuse its discretion in rejecting the State's

laches defense.  The State's second issue is overruled.

**CONCLUSION**

Having overruled each of the State's issues on appeal, we affirm the trial court's

Order signed on January 29, 2017.


        TOM GRAY
        Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed November 14, 2018
[CV06]

