

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1375-14

## EX PARTE RICHARD MARK BOWMAN, Appellant

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FIRST COURT OF APPEALS
## HARRIS COUNTY

*Per curiam.*

## O P I N I O N

Appellant was convicted of driving while intoxicated in 2005. In 2013, he filed a habeas application pursuant to Art. 11.072 attacking that conviction. The trial court denied relief, and he appealed. The Court of Appeals reversed, finding that counsel was ineffective. *Ex parte Bowman*, __ S.W.3d __, No. 01-13-01045, 2014 Tex. App. LEXIS 9458 (Tex. App. – Houston [1st Dist.] Aug. 26, 2014). The Court rejected the State's appellate laches argument, finding laches inapplicable to Art. 11.072 and concluding that the State's

contention was waived since it was not raised in the trial court.  *Id.*

The State has filed a petition for discretionary review of this decision, arguing, in its second ground, that it was not required to raise laches in the trial court in order for it to be addressed on appeal, and that laches applies to Art. 11.072.  The State relies on our recent opinion in *Ex parte Smith*, No. WR-79,465-01, 2014 Tex. Crim. App. LEXIS 1470 (Tex. Crim. App. Oct. 1, 2014).

In *Smith*, we held that a court may consider *sua sponte* whether laches should bar an applicant's habeas claim.  We reasoned that habeas is governed by the elements of equity and fairness, and those elements require a consideration of unreasonable delay.  We clarified, however, that delay alone is insufficient to establish the laches bar.  Instead, "courts should consider, among other things, [1] the length of applicant's delay in requesting equitable relief, [2] the reasons for the delay, . . . [3] the degree and type of prejudice borne by the State resulting from applicant's delay.  . . .," [and 4] "[whether the] delay may be excused."

Pursuant to *Smith*, the State is correct that laches applies to Art. 11.072.  Our rationale in *Smith*, based on equity and fairness, applies to any habeas case, regardless of which statute or provision it invokes.  The State is also correct that its laches argument was not waived. The Court of Appeals erred to refuse to consider the argument.

The Court of Appeals correctly noted, however, that "[l]aches is a question of fact" and, in Art. 11.072 cases, "the trial judge is the sole finder of fact."  Here, there is nothing in the trial record, other than the length of the delay, from which to ascertain whether laches

has been proved. We have indicated that the proper course of action in such situations is to remand to the trial court for a hearing on the laches issue. *See Smith* (remanding because record was silent on reasons for delay); *Ex parte Perez*, 398 S.W.3d 206 (Tex. Crim. App. 2013) (remanding to give parties opportunity to litigate laches defense).

Accordingly, we grant the State's petition for discretionary review on ground two, vacate the judgment of the Court of Appeals, and remand this case to the Court of Appeals for proceedings consistent with this opinion. The State's first and third grounds are dismissed without prejudice.

DATE DELIVERED:     November 19, 2014

PUBLISH