**Order issued January 27, 2015.**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-13-01045-CR

———————————————

## EX PARTE RICHARD MARK BOWMAN, Appellant

---

**On Appeal from the County Criminal Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 1921607**

---

### ORDER OF ABATEMENT

Appellant, Richard Mark Bowman, challenged the trial court's order denying his application for a writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 8 (Vernon Supp. 2014). In his appeal to this Court, appellant argued that the trial court had erred in denying him relief from a judgment of conviction of the misdemeanor offense of driving while intoxicated because his

trial counsel had rendered him ineffective assistance. *Ex parte Bowman*, 444 S.W.3d 272, 274 (Tex. App.—Houston [1st Dist.]), *rev'd*, 447 S.W.3d 887 (Tex. Crim. App. 2014). For the first time on appeal, the State contended that the doctrine of laches barred appellant's requested habeas relief. *Id.* at 277–78.

Noting that "the State did not plead or otherwise assert the doctrine of laches in the trial court as a bar to appellant's requested habeas relief" and, thus, "did not afford the trial court the opportunity to address and determine the fact question of laches," we held that the State had "waived the defense." *Id.* at 278–79. Further holding, based on the trial court's findings of fact, that appellant's trial counsel had rendered him ineffective assistance, we reversed the trial court's order and granted appellant habeas relief. *Id.* at 282.

After the State filed a petition for discretionary review, the Texas Court of Criminal Appeals vacated this Court's judgment, and it remanded the case to this Court. *Ex parte Bowman*, 447 S.W.3d 887, 889 (Tex. Crim. App. 2014). The court agreed that "'[l]aches is a question of fact'" and "in Art. 11.072 cases, 'the trial judge is the sole finder of fact.'" *Id.* at 888 (quoting *Ex parte Bowman*, 444 S.W.3d at 278–79). And it noted that "there is nothing in the trial record, other than the length of the delay, from which to ascertain whether laches has been proved." *Id.* Regardless, the court held that this Court had erred in holding that the State had waived the laches issue by not actually presenting it to the trial court.

*Id*. Nevertheless, it has remanded the case back to this Court "to remand to the trial court for a hearing on the laches issue." *Id.* at 888–89 (citing *Ex parte Smith* 444 S.W.3d 661 (Tex. Crim. App. 2014); *Ex parte Perez*, 398 S.W.3d 206 (Tex. Crim. App. 2013)).

Accordingly, we abate this appeal and remand this case to the trial court to conduct an evidentiary hearing on the laches issue and for the trial court to enter supplemental findings of fact and conclusions of law. The hearing shall be conducted within 60 days of the date of this order. A supplemental clerk's record containing the supplemental findings of fact and conclusions of law, and a supplemental reporter's record of the hearing are to be filed with the Clerk of this Court no later than 90 days from the date of this order.

This appeal is abated, treated as a closed case, and removed from this Court's active docket.

It is so ORDERED.

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).