**Order issued April 17, 2015**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-13-01045-CR

_____

## EX PARTE RICHARD MARK BOWMAN, Appellant

---

### On Appeal from the County Criminal Court at Law No. 2
### Harris County, Texas
### Trial Court Case No. 1921607

---

## ORDER

Appellant, Richard Mark Bowman, challenged the trial court's order denying his application for a writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 8 (Vernon Supp. 2014). In his appeal to this Court, appellant argued that the trial court had erred in denying him relief from a judgment of conviction of the misdemeanor offense of driving while intoxicated because his

trial counsel had rendered him ineffective assistance. *Ex parte Bowman*, 444 S.W.3d 272, 274 (Tex. App.—Houston [1st Dist.]), *rev'd*, 447 S.W.3d 887 (Tex. Crim. App. 2014). We held that the State had "waived the defense" of laches. *Id*. at 278–79. Based on the trial court's findings of fact, we further held that appellant's trial counsel had rendered him ineffective assistance, and we reversed the trial court's order and granted appellant habeas relief. *Id*. at 281–82. After the State filed a petition for discretionary review, the Texas Court of Criminal Appeals vacated this Court's judgment, and remanded the case to this Court "to remand to the trial court for a hearing on the laches issue." *Ex parte Bowman*, 447 S.W.3d 887, 888–89 (Tex. Crim. App. 2014).

On January 27, 2015, we abated the case and remanded it to the trial court to conduct an evidentiary hearing on the laches issue and enter supplemental findings of fact and conclusions of law. On March 2, 2015, the trial held a hearing on the laches issue. The court reporter has filed the reporter's record of that hearing, which includes the trial court's findings stated on the record. Accordingly, we reinstate this case on the Court's active docket.

Appellant's brief on the laches issue based on the trial court's findings stated on the record is ordered to be filed in this Court no later than 20 days from the date of this order. *See* TEX. R. APP. P. 31.1. Appellee's brief, if any, is ordered to be filed no later than 20 days from the date of the filing of appellant's brief. *See id*.

2

It is so ORDERED.


**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Lloyd.

Do not publish.  TEX. R. APP. P. 47.2(b).