FILED IN
COURT OF CRIMINAL APPEALS

June 17, 2015

ABEL ACOSTA, CLERK

WR-82,672-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/16/2015 4:12:09 PM
Accepted 6/17/2015 7:54:17 AM
ABEL ACOSTA
CLERK

**NO. WR-82,672-01**

| | | |
|---|---|---|
| **EX PARTE** | § | **IN THE COURT OF** |
| | § | **CRIMINAL APPEALS** |
| **JAMES BERKELEY HARBIN II** | § | **AUSTIN, TEXAS** |

## STATE'S MOTION FOR REHEARING

**TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:**

Comes now the State of Texas and respectfully moves the Court to reconsider its June 3, 2015 ruling granting relief in the aforementioned case. In support of its request, the State would show the following:

### I.

Applicant was charged with the January 8, 1991 murder of his father, James Harbin, Sr. The jury found Applicant guilty and, on April 29, 1991, sentenced him to confinement for life in the Institutional Division of the Texas Department of Criminal Justice. The Fifth District Court of Appeals affirmed his conviction on August 6, 1992.[1] Mandate issued on March 8, 1993.

### II.

Applicant filed his first Application for Writ of Habeas Corpus on June 24, 2010, more than 17 years after his conviction became final. He filed five amended

---

[1] *See Harbin v. State*, No. 05-91-00621-CR (Tex. App.—Dallas August 6, 1992) (not designated for publication).

applications. The State supplemented its own response and argued that Applicant's claims were barred by the equitable doctrine of laches.

On December 16, 2014, the trial court signed Applicant's proposed findings, which recommend that the State's laches argument be overruled and that relief be granted on all of Applicant's grounds. Over the State's objections, on June 3, 2015, this Court issued a per curium order granting relief and stating, in pertinent part, the following:

> The trial court's findings and recommendation to grant relief are supported by the record, as are its findings that laches should not bar habeas relief in Applicant's case. *Ex parte Perez*, 398 S.W.3d 206 (Tex. Crim. App. 2013).

*Ex parte Harbin*, No. WR-82,672-01, 2015 Tex. Crim. App. Unpub. LEXIS 387, at *1 (Tex. Crim. App. June 3, 2015) (per curium) (not designated for publication).

### III.

Given the state of the evidence in this case and in light of this Court's recent decisions, the fact that the State's laches argument was summarily overruled without any discussion or analysis is shocking. From May of 2013 until November of 2014, this Court issued four published opinions addressing the equitable doctrine of laches: *Perez*, *Smith*, *Moss*, and *Bowman*.[2] These opinions place a habeas applicant on notice that he is expected to justify any delay in the

---

[2] *See Perez*, 398 S.W.3d 206; *Ex parte Smith*, 444 S.W.3d 661 (Tex. Crim. App. 2014); *Ex parte Moss*, 446 S.W.3d 786 (Tex. Crim. App. 2014); *Ex parte Bowman*, 447 S.W.3d 887 (Tex. Crim. App. 2014).

assertion of his rights. So important is the requirement that an applicant pursue his claims in a timely manner that in *Smith*, this Court held that the State need not even raise the argument – a court may consider the issue sua sponte.[3] Since those opinions were issued, this Court has ordered briefing or remanded at least seven writs on the issue of the applicability of laches.[4] Clearly, laches is now an important consideration on habeas.

This is a classic laches case. "[H]abeas is governed by the elements of equity and fairness, and those elements require a consideration of unreasonable delay."[5] A ruling that laches does not bar relief and that Applicant proved his claims of ineffective assistance and *Brady* violation is anything but equitable and fair. A review of the record shows that, contrary to the trial court's findings, Applicant was not able to prove his allegations. But neither was the State able to

---

[3] *See Smith*, 444 S.W.3d at 667 (stating, "we now hold that a court may *sua sponte* consider and determine whether laches should bar relief.").

[4] *See Ex parte Ervin*, WR-82,736-01, 2015 Tex. Crim. App. Unpub. LEXIS 270 (Tex. Crim. App. April 15, 2015) (not designated for publication) (remanding writ for findings as to whether Ervin's claim is barred by laches); *Ex parte Rodriguez*, WR-58, 474-02, 2014 Tex. Crim. App. Unpub. LEXIS 970 (Tex. Crim. App. Sept. 17, 2014) (not designated for publication) (ordering parties to brief whether, among other reasons, Rodriguez's claims should be barred by laches); *Ex parte Caicedo*, WR-78,004-01, 2014 Tex. Crim. App. Unpub. LEXIS 543 (Tex. Crim. App. June 11, 2014) (not designated for publication) (ordering further findings); *Ex parte Martin*, WR-78,402-01, 2014 Tex. Crim. App. Unpub. LEXIS 365 (Tex. Crim. App. April 9, 2014) (not designated for publication) (ordering briefing); *Ex parte Mejia*, WR-79,846-01, 2013 Tex. Crim. App. Unpub. LEXIS 847 (Tex. Crim. App. July 24, 2013) (not designated for publication) (ordering further findings); *Ex parte Landon*, WR-77,570-01, 2013 Tex. Crim. App. Unpub. LEXIS 779 (Tex. Crim. App. June 26, 2013) (not designated for publication) (ordering further findings); *Ex parte Ragland*, WR-79,450-01, 2013 Tex. Crim. App. Unpub. LEXIS 764 (Tex. Crim. App. June 26, 2013) (not designated for publication) (ordering further findings).

[5] *Bowman*, 447 S.W.3d at 888.

disprove them. The reason neither side was able to prove or defend against Applicant's allegations was because so much time had passed between the offense, the trial, and the filing of the writ – and that was Applicant's doing. Applicant waited nearly twenty years to file his application for writ of habeas corpus. By this time, files had been lost or destroyed (trial counsel's complete file, the complainant's medical records), witnesses had died (the complainant's long-time psychiatrist, Applicant's aunt), and the memories of all of the parties involved had faded.[6] The lack of available evidence compromised the reliability of the habeas proceedings and it will certainly compromise the reliability of any trial proceedings in the event that relief is granted.

## IV.

In *Perez*, this Court discussed that a delay of longer than five years may be considered unreasonable.[7] In this case, Applicant waited more than three times that length of time. Importantly, he advanced no legitimate reason for his extraordinary delay. The trial court's findings excuse Applicant's delay on the basis of his claim that it was not until 2008 that the District Attorney's Office

---

[6] *See Ex parte Perez*, 445 S.W.3d 719, 727 (Tex. Crim. App. 2014) (finding Perez' delay in asserting his claims unreasonable and unjustified and that the State was prejudiced by witnesses' faded memories and lack of available evidence).

[7] *Perez*, 398 S.W.3d at 216-18. Indeed, in *Perez*, this Court noted that Perez's alleged justifications were "inadequate to warrant a grant of equitable relief in light of the excessive delay and applicant's failure to take any meaningful action to assert his rights during the past decade and a half." 445 S.W.3d at 727. The same is true in this case. There is no evidence in the record showing that Applicant made any attempt whatsoever to diligently assert his rights at any time between 1993 and 2010.

began opening its files and he had access and he was able to assert his claims.[8] The problem is that this justification is disingenuous.

When Applicant filed his initial application in 2010 and amended it in July of 2013, his request for relief was based on a claim of ineffective assistance of counsel; at issue at that time was Applicant's claim that trial counsel "fail[ed] to present evidence of Applicant's abuse by the deceased and Applicant's mental state."[9] This claim was not based in any way on the State's open file. In 2014, Applicant amended his application an additional four times, only at that point adding a *Brady* allegation based on information found in the State's file. The claim that the open file policy justified the delay in the filing of his initial writ is simply false. The trial court's findings create the impression that, much like an applicant who waits for science and technology to improve so that he may be exonerated, Applicant sat patiently waiting to file his writ until just the right time. This is not the case. This is a case where the Applicant sat on his rights. He sat on those rights for nearly two decades.

As it pertains to Applicant's *Brady* claims, while the open file policy may arguably provide some justification for his delay, the fact remains that there is a failure of proof as to Applicant's claim that the complained-of evidence was not

---

[8] Beyond the specious claim regarding the open file policy, the trial court's findings make no mention of the 20-year delay in the filing of the instant writ. Similarly, the findings make little mention of the witnesses' faded memories. These facts alone should give the Court pause.
[9] *See* Applicant's Amended Writ filed July 23, 2013.

disclosed. There is simply no proof that the complained-of evidence was not disclosed. Neither the prosecutor nor trial counsel could recall what or whether evidence was disclosed.[10] The State's trial file contains no record of *Brady* disclosures made in this case. Trial counsel could not locate his complete file so it could not be determined what information he had in his possession at the time of trial. The trial court's findings on this issue incorrectly and unfairly err on the side of finding a *Brady* violation – since there is no evidence that the evidence was disclosed, it must not have been.

## V.

Also significant in this writ is the prejudice to the State, another matter sidestepped in the trial court's findings. Throughout the instant proceedings, the State has argued that, not only has it been prejudiced in its ability to respond to the instant allegations, but that it will also be prejudiced in its ability to re-try Applicant, even if only on the issue of punishment. The trial court did not address the State's first argument and only marginally addressed the second. Applicant waited nearly twenty years to complain about his case. The impact of his

---

[10] The trial court findings make much of the fact that the prosecutor may not have provided copies of certain documents. The fact that a copy of a document was not provided does not prove that the information was not **disclosed**. Neither party could recall whether the information was disclosed.

extraordinary delay on the State is entitled to a critical review. The failure to do flies in the face of *Perez*.[11]

## VI.

The State acknowledges that since this writ has been pending before this Court, Applicant has been released onto parole. The State acknowledges that if Applicant was re-tried and he received a life sentence yet again, he may be re-released onto parole. The decision in this case is nevertheless worthy of this Court's careful attention and review, not only because of the gravity of the offense, but also because of the important legal issues to be considered – issues not addressed in any form or fashion by this Court's June 3rd decision.

Pursuant to Texas Rule of Appellate Procedure 79, the State respectfully requests that this Court grant a rehearing, review the State's proposed findings of fact and conclusions of law, the State's objections to the trial court's findings, and reconsider its June 3, 2015 decision granting relief in this case.

WHEREFORE, PREMISES CONSIDERED, the State respectfully requests that this Court grant a rehearing and, upon reconsideration of the entire record, find that Applicant's claims are barred by the equitable doctrine of laches or, in the alternative, that Applicant is not entitled to relief.

---

[11] *See Perez*, 398 S.W.3d at 217.

Respectfully submitted,

_Chrsti Womble_

**Susan Hawk**
**Criminal District Attorney**
Dallas County, Texas

**Christine Womble**
**Assistant District Attorney**
State Bar No. 24035991
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB-19
Dallas, Texas 75207-4399
(214) 653-3625
(214) 653-3643 *(fax)*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document contains 1,944 words, inclusive of all content.

_Chrsti Womble_
Christine Womble

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing response was served on Gary Udashen, attorney for Applicant, via e-service on June 16, 2015.

_Chrsti Womble_
Christine Womble