**Motion Granted; Abatement Order filed July 23, 2019.**



In The

# Fourteenth Court of Appeals

————————

## NO. 14-19-00052-CR

————————

### EX PARTE JAIME V. MANCILLA, Appellant

---

**On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 1046871A**

---

## ABATEMENT ORDER

This is an appeal from the denial of an application for writ of habeas corpus. *See* Tex. Code Crim. Proc. Ann. art. 11.072. Appellant filed a brief with this court in which he alleges the trial court erred in denying the application for writ of habeas corpus. Appellant asserts his plea was involuntary based on ineffective assistance of counsel. Before filing its brief the State filed a motion to abate the appeal and remand to the trial court to permit the trial court to (1) file findings of fact and conclusions of law as required by article 11.072, (2) conduct a hearing on the State's assertion of laches, and (3) execute a certification of appellant's right to appeal as required by Texas Rule of Appellate Procedure 25.2(a)(2). The motion is granted.

The record does not contain the trial court's findings of fact and conclusions of law on the denial of appellant's application for writ of habeas corpus. Article 11.072, section 7(a) of the Texas Code of Criminal Procedure requires the trial court to make written findings of fact and conclusions of law when denying an application for writ of habeas corpus, unless the court denies the application as frivolous. Tex. Code Crim. Proc. Ann. art. 11.072 § 7(a). The statute is mandatory. The proper procedure to correct the error is to abate the appeal and direct the trial court to make the required findings and conclusions. *See Ex parte Enriquez*, 227 S.W.3d 779, 784 (Tex. App.—El Paso 2005, pet. ref'd).

As to the hearing on laches, the State did not raise the issue of laches in its response to appellant's application for writ of habeas corpus. The Court of Criminal Appeals, however, has determined that the State does not waive the doctrine of laches by failing to raise the issue in the trial court. *Ex parte Bowman*, 447 S.W.3d 887, 888 (Tex. Crim. App. 2014). The high court noted that laches is a question of fact and in article 11.072 writ cases the trial court is the sole finder of fact. *Id.* In that regard, the high court instructed the court of appeals to abate the appeal and remand to the trial court for a hearing on the laches issue. *Id.* at 889.

The clerk's record does not contain a certification of the right to appeal. *See* Tex. R. App. P. 25.2(a)(2), 34.5(a)(12); *see also Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005) ("The court of appeals must dismiss an appeal if a certification showing that the defendant has the right to appeal is not made a part of the appellate record.").

Accordingly, the State's motion is granted and the trial court is directed to (1) reduce to writing its findings of fact and conclusions of law on the denial of appellant's application for writ of habeas corpus, (2) conduct a hearing on the laches issue and reduce to writing its findings of fact and conclusions of law regarding that

issue, and (3) execute a certification of appellant's right to appeal. The trial court is further directed to record the hearing and and provide a supplemental clerk's record containing the findings of fact and conclusions of law, and the certification of right to appeal. The trial court is directed to have a supplemental reporter's record containing the transcribed record of the hearing and the supplemental clerk's record filed with the clerk of this court on or before **September 18, 2019**.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental clerk's record and the supplemental reporter's record are filed in this court. The court also will consider an appropriate motion to reinstate the appeal filed by either party.

It is so ORDERED.


PER CURIAM


Panel consists of Chief Justice Frost and Justices Spain and Poissant.