# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00058-CR

**Ex parte Gaspar Benavides Govea**

### FROM THE COUNTY COURT OF LLANO COUNTY
### NO. WH-025/15478, HONORABLE MARY S. CUNNINGHAM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Gaspar Benavides Govea was charged with unlawful possession of less than two ounces of marijuana. *See* Tex. Health & Safety Code § 481.121(a), (b)(1). After he was charged, Govea entered a plea of nolo contendere per the terms of a plea-bargain agreement, and the trial court deferred his adjudication of guilt and placed him on community supervision for four months. Many years later, Govea filed an application for writ of habeas corpus challenging the propriety of the judgment deferring his adjudication of guilt, his plea, and his waiver of his right to an attorney. *See* Tex. Code Crim. Proc. art. 11.072. After convening a hearing on the writ application, the trial court denied the application. In four issues on appeal, Govea challenges the trial court's ruling. We will affirm the order by the trial court denying Govea's application for writ of habeas corpus.

## BACKGROUND

As set out above, Govea was charged with possession of a controlled substance, and in 2013 he entered a plea of nolo contendere per the terms of a plea agreement with the

State. Under the agreement, Govea agreed to waive, among other things, his rights to an attorney at trial, to a trial by jury, and to an appeal. The signed waiver also specified that Govea fully understood "the consequences of [his] action." In accordance with the plea agreement, the trial court deferred Govea's adjudication of guilt and placed him on community supervision for four months. Govea successfully completed his community supervision, and the trial court issued an order discharging him from community supervision. *See* Tex. Code Crim. Proc. art. 42A.111(a), § 5(c) (explaining that "the judge shall dismiss the proceedings against the defendant and discharge the defendant" "if the judge has not proceeded to adjudication of guilt" following "expiration of a period of deferred adjudication community supervision"). Several years later, Immigration and Customs Enforcement officers took Govea into custody. While in custody, Govea filed an application for writ of habeas corpus related to the 2013 case. *See id.* art. 11.072.

In his writ application, Govea argued that the 2013 judgment should be vacated and also requested that the trial court "set aside" the waivers that he signed as part of the plea agreement because he did not knowingly, intelligently, and voluntarily enter his plea or agree to waive his rights. When seeking habeas relief, Govea stated that the trial court did not inform him during the 2013 proceeding that entering a plea of nolo contendere to the possession charge might result in his deportation or other immigration consequences. Relatedly, Govea urged that before entering his plea, the State encouraged him to plead nolo contendere and to waive his right to an attorney but failed to disclose to him that there were potential deportation consequences. As support for his arguments, Govea attached to his writ application several exhibits, including his affidavit in which he described his interactions with the trial court and with the State before entering his plea.

The State filed a response to Govea's writ application and argued that the trial court was not required to admonish Govea of potential deportation consequences because the charged offense was a misdemeanor. Further, the State asserted that Govea knowingly, intelligently, and voluntarily pleaded nolo contendere to the charged offense and agreed to waive, among other rights, his right to an attorney. Alternatively, the State urged that Govea's claims were barred by the doctrine of laches.

As support for its contentions, the State attached to its response an affidavit from Officer Eric Van Pelt who arrested Govea and investigated the 2013 case. In his affidavit, Officer Van Pelt explained that he no longer remembered the underlying offense. Further, the State attached an affidavit from another law-enforcement officer specifying that the evidence collected in the underlying offense had all been destroyed. Moreover, the State included as exhibits a judgment and other paperwork pertaining to a 2010 possession conviction in which Govea was represented by counsel and also entered a plea of nolo contendere per a plea-bargain agreement. The signed plea paperwork stated, among other things, that "any plea of guilty or no contest may result in deportation, exclusion from admission to the country, and/or the denial of naturalization under federal law." The 2010 judgment specified that Govea was admonished regarding the potential consequences of his plea.

The trial court convened a hearing regarding Govea's writ application, but no witnesses testified during the hearing. After the hearing, the trial court denied Govea's writ application and issued the following findings of fact and conclusions of law:

**Findings of Fact**

2. Applicant signed a "Waiver of An Attorney" and then Applicant pled "no contest" pursuant to a plea agreement, to the Class B misdemeanor offense of

3

possession of marijuana [in the 2013 case].

. . .

7. Prior to Applicant's plea to the above charge, Applicant was arrested on May 17, 2009 in Burnet County, Texas for [another] . . . possession of marijuana [charge].

8. On February 25, 2010 Applicant in [the Burnet County case], represented by counsel and pursuant to a plea negotiation, pled "Nolo Contendere" and was placed on 8 months Deferred Adjudication community supervision probation . . . . In that proceeding Applicant was informed in the plea papers that if he was a non-citizen that a plea of guilty or no contest may result in his deportation, exclusion from admission to this country, and/or the denial of naturalization under federal law.

9. Llano County Sheriff's office is not in possession of the seized marijuana [in the 2013 case] as it was destroyed.

10. Llano County sheriff deputy Eric Van Pelt does not recollect the details of the stop, investigation and arrest of Applicant [for the 2013 case].

. . .

**Conclusions of Law**

25. . . . Applicant pled to an identical charge 3 years earlier in which he was represented by counsel, advised of his rights and the consequence of his plea with respect to deportation proceedings. . . . Further, he stated [that he fully understood the consequences] when he signed the Waiver of an Attorney [in the 2013 case] . . . .

26. The Court further finds the Application is barred by la[]ches. Applicant successfully completed his community [supervision] and was discharged on July 17, 2013. The evidence in this case, marijuana, was destroyed. The arresting officer does not recollect the details of the stop, investigation and arrest of Applicant [in the 2013 case]. The State, if the court grants the Application, would have to proceed to trial without the marijuana and the testimony of the arresting officer as to the details of the offense, hence the State would be prejudiced from achieving justice. This prejudice was solely caused by Applicant waiting over 5 years to file his application. Applicant has not provided any valid reason for his filing a late petition for relief. As stated in *Perez* the State possesses a legitimate interest in the "repose and finality of its convictions." . . . Applicant has not shown or demonstrated any fact that indicates that his claim is not barred by la[]ches.

Govea appeals the trial court's order denying his habeas application.

4

## STANDARD OF REVIEW AND GOVERNING LAW

An individual convicted of a felony or misdemeanor may seek habeas "relief from an order or judgment of conviction ordering community supervision." Tex. Code Crim. Proc. art. 11.072, § 1. When a person files a writ application, he "must be, or have been, on community supervision, and the application must challenge the legal validity of . . . the conviction for which or order in which community supervision was imposed" or "the conditions of community supervision." *Id.* art. 11.072, § 2(b). "[T]he completion of an applicant's sentence or probationary term does not deprive the trial court of jurisdiction if the applicant remains subject to collateral legal consequences resulting from his conviction or sentence." *Ex parte Ali*, 368 S.W.3d 827, 831 (Tex. App.—Austin 2012, pet. ref'd). Collateral legal consequences include detention by immigration officials and potential deportation. *Phuong Anh Thi Le v. State*, 300 S.W.3d 324, 326 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

Appellate courts review a trial court's ruling on an application for writ of habeas corpus under an abuse-of-discretion standard of review. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). "A trial court abuses its discretion when its ruling is arbitrary or unreasonable." *Gaytan v. State*, 331 S.W.3d 218, 223 (Tex. App.—Austin 2011, pet. ref'd). But a trial court does not abuse its discretion if its ruling lies within "the zone of reasonable disagreement." *Bigon v. State*, 252 S.W.3d 360, 367 (Tex. Crim. App. 2008); *see Lopez v. State*, 86 S.W.3d 228, 230 (Tex. Crim. App. 2002). Under that standard, appellate courts "review the record evidence in the light most favorable to the trial court's ruling." *Kniatt*, 206 S.W.3d at 664.

To succeed under a post-conviction writ of habeas corpus, "the applicant bears the burden of proving, by a preponderance of the evidence, the facts that would entitle him to relief." *Ex parte Ali*, 368 S.W.3d at 830. In habeas corpus proceedings, "[v]irtually every fact finding

5

involves a credibility determination," and "the fact finder is the exclusive judge of the credibility of the witnesses." *Ex parte Mowbray*, 943 S.W.2d 461, 465 (Tex. Crim. App. 1996). For habeas proceedings under article 11.072, "the trial court is the sole finder of fact," and appellate courts afford "almost total deference to a trial court's factual findings when supported by the record, especially when those findings are based upon credibility and demeanor." *Ex parte Ali*, 368 S.W.3d at 830. This deferential review applies even when the findings are based on affidavits rather than live testimony. *Manzi v. State*, 88 S.W.3d 240, 244 (Tex. Crim. App. 2002). "When the trial court's findings of fact in a habeas corpus proceeding are supported by the record, they should be accepted" by the reviewing court. *Ex parte Amezquita*, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006).

## DISCUSSION

In his first two issues on appeal, Govea contends that the trial court erred by not vacating the 2013 judgment, the waiver of counsel that he signed, and the plea agreement because he did not knowingly, voluntarily, and intelligently enter his plea or waive his rights. In his third issue, Govea argues that the trial court should have granted his requested relief because he was not admonished in the 2013 proceeding that entering his plea of nolo contendere carried the risk of deportation or other immigration consequences. In his final issue, Govea asserts that the doctrine of laches did not bar the relief that he sought in his writ application. Because the resolution of his final issue is dispositive of the appeal, we now address that issue.

**Laches**

When arguing that his habeas claims were not barred by the doctrine of laches, Govea points to portions of his affidavit that he attached to his writ application in which he

6

stated that he agreed to plead nolo contendere to the possession offense in 2013 after being informed by the State that his deferred adjudication would not be part of his record and would not qualify as a conviction for any purpose if he successfully completed his community supervision. Moreover, Govea asserted in his affidavit and on appeal that he was unaware that his plea of nolo contendere would qualify as a conviction for deportation purposes even if he successfully completed his community supervision. *See* 8 U.S.C.A. §§ 1101(a)(48)(A) (explaining that "[t]he term 'conviction' means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where . . . a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt"), 1227(a)(2)(B)(i) (providing that any alien who "has been convicted of a violation of . . . any law or regulation . . . relating to a controlled substance . . . , other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable"). Further, Govea argues that he did not become aware of any potential deportation consequences until years later. Additionally, Govea notes that although he filled out paperwork requesting a court appointed attorney shortly before he entered his plea in the 2013 case, he was not provided with an attorney and instead waived his right to counsel and to a jury trial after the State's attorney misrepresented the consequences of his pleading nolo contendere. For all of these reasons, Govea contends that it was inequitable for the trial court to deny him his requested relief based on the doctrine of laches.

The writ of habeas corpus is an extraordinary remedy. *See Ex parte Smith*, 444 S.W.3d 661, 666 (Tex. Crim. App. 2014). "[H]abeas is governed by the elements of equity and fairness, and those elements require a consideration of unreasonable delay." *Ex parte Bowman*, 447 S.W.3d 887, 888 (Tex. Crim. App. 2014). Accordingly, the common-law doctrine of laches

7

applies to habeas applications. *See Pastenes v. State*, No. 03-16-00102-CR, 2017 WL 2928112, at *2 (Tex. App.—Austin July 6, 2017, no pet.) (mem. op., not designated for publication). The doctrine has been defined as meaning "neglect to assert right or claim which, taken together with lapse of time and other circumstances causing prejudice to an adverse party, operates as a bar in a court of equity. Also, it is the neglect for an unreasonable and unexplained length of time under circumstances permitting diligence, to do what in law, should have been done." *Ex parte Perez*, 398 S.W.3d 206, 210 (Tex. Crim. App. 2013) (quoting *Ex parte Carrio*, 992 S.W.2d 486, 487 n.2 (Tex. Crim. App. 1999)). When determining whether laches applies, courts should "keep, at the fore, the State's and society's interest in the finality of convictions[] and consider the trial participants' faded memories and the diminished availability of evidence." *Ex parte Smith*, 444 S.W.3d at 666.

However, "delay alone is insufficient to establish the laches bar." *Ex parte Bowman*, 447 S.W.3d at 888. Instead, "courts should consider, among other things, [1] the length of applicant's delay in requesting equitable relief, [2] the reasons for the delay, . . . [3] the degree and type of prejudice borne by the State resulting from applicant's delay . . . . [and 4 whether the] delay may be excused." *Ex parte Smith*, 444 S.W.3d at 667. Prejudice in this context includes "anything that places the State in a less favorable position, including prejudice to the State's ability to retry a defendant." *Id.* at 666. A "delay may be excused when the record shows that (1) an applicant's delay was not unreasonable because it was due to a justifiable excuse or excusable neglect; (2) the State would not be materially prejudiced as a result of the delay; or (3) the applicant is entitled to equitable relief for other compelling reasons, such as new evidence that shows he is actually innocent of the offense." *Id.* at 667. Laches is a question of fact, and as

8

specified earlier, the trial court is the sole finder of fact in an article 11.072 habeas proceeding. *Ex parte Bowman*, 447 S.W.3d at 888.

The record before this Court supports the trial court's determination that Govea's writ application was barred by laches. The record reflects that Govea did not seek habeas relief until more than five years after he entered his plea of nolo contendere and waived his right to appeal and more than five years after he was discharged from community supervision. *See Ex parte Perez*, 398 S.W.3d at 216 n.12 (explaining "that delays of more than five years may generally be considered unreasonable in the absence of any justification for the delay"); *see also Ex parte Vasquez*, 499 S.W.3d 602, 614 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (stating that five years after conviction becomes final, availability of State's evidence and memories of individuals involved become diminished).

Moreover, although Govea asserted in his affidavit that the State incorrectly told him that his placement on deferred-adjudication community supervision following his plea would not constitute a conviction for any purpose if he completed his community supervision and although he argued that he relied on that communication, the trial court was the fact finder in this proceeding and was entitled to determine what, if any, weight to give to the statements in his affidavit, and the trial court rejected his justification for the delay. *See Pastenes*, 2017 WL 2928112, at *1, *3 (upholding trial court's determination that applicant "first suffered harm from his conviction when he was required to comply with the conditions of his probation, not almost two decades later" when he "became eligible for legal residency"); *Ex parte Tavakkoli*, No. 09-14-00358-CR, 2015 WL 993654, at *3 (Tex. App.—Beaumont Mar. 4, 2015, pet. ref'd) (mem. op., not designated for publication) (rejecting argument that applicant's claims were not barred by laches because his right to relief did not become ripe until he became subject to

9

deportation proceedings); *see also Ex parte Empey*, 757 S.W.2d 771, 775 (Tex. Crim. App. 1988) (explaining that sworn allegations alone were not sufficient to prove habeas claims). In making that determination, the trial court was aided by the contents of the waiver Govea signed in the 2013 case specifying that he fully understood the consequences of his actions, by the judgment from the 2010 case stating that he was admonished of the consequences of entering his plea of nolo contendere, and by the signed plea-bargain documentation from the 2010 case reflecting that he was specifically admonished that entering a plea of nolo contendere to the misdemeanor possession charge could result in deportation or other immigration consequences. *See State v. Guerrero*, 400 S.W.3d 576, 583 (Tex. Crim. App. 2013) (noting that there is "normal presumption that recitals in the written judgment are correct"); *cf. Kniatt*, 206 S.W.3d at 664 (stating that "[a] defendant's sworn representation that his guilty plea is voluntary 'constitute[s] a formidable barrier in any subsequent collateral proceedings'" (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977))).

Finally, the trial court specifically determined that the State would be prejudiced by granting the requested relief because the evidence forming the basis for the charge had been destroyed and because the officer who arrested Govea and investigated the crime no longer had any recollection of the events in question. *See Ex parte Vasquez*, 499 S.W.3d at 612, 614 (upholding trial court's determination that applicant's habeas claims that his plea was involuntary and that he was denied effective assistance of counsel were barred by laches, in part, because memory of witnesses had faded and because files had been destroyed); *Ex parte Tavakkoli*, 2015 WL 993654, at *2, *3 (affirming trial court's decision that State would be prejudiced by requested habeas relief and noting that marijuana had "been destroyed" and that "the arresting officer likely ha[d] no independent recollection of events").

10

Viewing the evidence in the light most favorable to the trial court's ruling and deferring to the trial court's findings, we conclude that the record supports the trial court's determination that Govea's habeas claim is barred by laches and that the trial court did not abuse its discretion by denying his application for writ of habeas corpus. In light of our resolution of Govea's fourth issue on appeal, we need not address his first three issues. *See* Tex. R. App. P. 47.1.

## CONCLUSION

For all the reasons previously given, we affirm the trial court's order denying Govea's application for writ of habeas corpus.

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Triana
  Concurring Opinion by Justice Goodwin

Affirmed

Filed:  August 21, 2019

Do Not Publish