**AFFIRMED and Opinion Filed August 23, 2024**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00132-CR**

**EX PARTE IRMA MENDEZ**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. WX22-91466-I**

## MEMORANDUM OPINION

Before Justices Carlyle, Goldstein, and Breedlove
Opinion by Justice Carlyle

Appellant Irma Mendez pled guilty to delivery of a controlled substance and the trial court found her guilty on March 16, 1999, placing her on community supervision. On May 24, 2022—23 years later—Mendez filed her first petition for writ of habeas corpus alleging ineffective assistance of counsel. In a single issue on appeal, Mendez argues the trial court erred when it denied her petition. We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

Mendez's 11.072 petition alleged she received ineffective assistance of counsel because she and her co-defendant brother had inconsistent defenses, the same criminal defense counsel represented her and her brother, and this arrangement

presented a conflict of interest to which she did not consent. The State filed a response and later filed a supplement arguing for the first time that Mendez's petition should be denied based on the doctrine of laches. The trial court (1) found that Mendez failed to present any evidence to justify her 23-year delay in seeking habeas relief; (2) found that the delay "caused a detrimental change in position to the State;" and (3) denied Mendez's petition. We remanded Mendez's appeal to the trial court with instructions to hold a hearing and provide Mendez with an opportunity to explain her delay and the State with an opportunity to establish a basis for laches barring Mendez's requested relief. *See Ex parte Bowman*, 447 S.W.3d 887, 888 (Tex. Crim. App. 2014) (per curiam).

After our remand, the trial court held an evidentiary hearing and entered findings of fact and conclusions of law that included (1) "Mendez has claimed that her reason for delay was her lack of funds to hire an attorney;" (2) the State filed a motion to revoke Mendez's probation in 2008 when she was represented by an attorney named Larry Finstrom during which she did not discuss this potential claim with Finstrom; (3) Mendez was arrested in Laredo in 2013; (4) Finstrom wrote a letter dated July 29, 2013 to the federal district court judge on Mendez's behalf that stated Mendez—fourteen years prior—"received poor legal representation," "was not properly advised as to the immigration consequences of pleading guilty," that she "should have contested her charges," and that Finstrom believed "she was actually innocent of the crime to which she ple[]d guilty;" (5) Finstrom's 2013 letter

"evidences the latest date that it can be certain that Mendez was aware that she had a potential claim for ineffective assistance of counsel;" and (6) "the State has been sufficiently prejudiced in its ability to respond to this writ by the delay" of either 9 or 23 years.

We review the trial court's determination on a petition for writ of habeas corpus under an abuse of discretion standard, viewing the facts in the light most favorable to the trial court's ruling. *State v. Ojiaku*, 424 S.W.3d 633, 635 (Tex. App.—Dallas 2013, pet. ref'd). "We afford almost total deference to the trial court's determination of the historical facts that the record supports" because laches is a question of fact. *Id.*; *see Ex parte Bowman*, 447 S.W.3d at 888. We consider all relevant circumstances, including the length of the applicant's delay in filing the application, the reasons for the delay, and the degree and type of prejudice resulting from the delay." *Ex parte Perez*, 398 S.W.3d 206, 217 (Tex. Crim. App. 2013). There may be prejudice to the State's ability to prosecute a defendant or to respond to an applicant's allegations due to the loss of evidence. *Ex parte Saenz*, 491 S.W.3d 819, 826 (Tex. Crim. App. 2016). The "extent of the prejudice the State must show bears an inverse relationship to the length of the applicant's delay." *Ex parte Perez*, 398 S.W.3d at 217.

On appeal, Mendez correctly argues the State's supplemental response was untimely because the State filed it more than 30 days after she filed her petition. *See* Tex. Code Crim. Proc. art. 11.072(5)(c). But courts are authorized to apply laches

even without briefing from the parties. *Ex parte Smith*, 444 S.W.3d 661, 667 (Tex. Crim. App. 2014); *Ex parte Bowman*, 447 S.W.3d at 888.

"The longer an applicant delays filing his application, and particularly when an applicant delays filing for much more than five years after conclusion of direct appeals, the less evidence the State must put forth in order to demonstrate prejudice." *See Ex parte Perez*, 398 S.W.3d at 217–18. During the evidentiary hearing on remand, the State offered testimony from Mendez's former attorney, Cynthia Barbare. Ms. Barbare testified that (1) she represented Mendez and her brother in the underlying criminal case; (2) she no longer possesses physical or digital files concerning Mendez's case; (3) she remembers Mendez's case well; (4) Mendez signed a waiver of any conflict of interest; (5) it is her standard practice to have all co-defendants sign waivers of conflicts of interests; (6) the only evidence corroborating her testimony was in her files and the trial court's record; (7) "If [Mendez] had made this ridiculous accusation a long time ago, I could have had all that in my file. It was all there. It was even on the record, and the record doesn't exist anymore;" and (8) two people unsuccessfully attempted to acquire copies of the transcript from the 1999 proceedings. *See Ex parte State*, Nos. 05-23-00897-CR & 05-23-00905-CR, 2024 WL 1403345, at *4 (Tex. App.—Dallas Apr. 2, 2024, pet. ref'd) (mem. op., not designated for publication).

The State presented no direct evidence regarding its ability to re-prosecute the case on the merits, though we may draw reasonable inferences from the

–4–

circumstantial evidence. *See Ex parte Perez*, 398 S.W.3d at 217. The State attached multiple documents to its supplemental response, including the offense report, affidavit for arrest warrant, and written voluntary statements from Mendez and her brother. While the passage of time alone will not support applying laches, we can infer, in a case where a defendant pled guilty 23 years ago, it is at least unlikely that witness memories haven't faded, not to mention the possibility that witnesses may be unavailable for a host of reasons.

We must weigh the prejudice to the State against any equitable considerations that militate in favor of granting habeas relief, including the reasons for the delay. *Ex parte Perez*, 398 S.W.3d at 217. Mendez's primary explanation for her 23-year delay was the absence of sufficient financial resources until "2021, when her husband offered funds to address" this claim. But, as we detailed earlier, Mendez undisputedly knew of her claim by 2013, when attorney Finstrom filed the letter with the Laredo federal court. Further, Ms. Barbare testified that Mendez is "very guilty" of the underlying crime, that Mendez admitted her guilt to Ms. Barbare, to her associate Robert Simmons, and to the trial court, that Mendez knew her brother was selling cocaine, and that Mendez served as a lookout during the attempted transaction that resulted in her conviction.[1] The record does not include sufficient

---

[1] Strangely, Barbare and Simmons's vociferous testimony emphasizing their former client's admissions may have provided the State a path to re-prosecuting the case if laches did not apply. But considering "anything that places the State in a less favorable position," we conclude the evidence the State presented from Mendez's former lawyers about their diminished recollections

evidence supporting a justifiable excuse, excusable neglect, or Mendez's actual innocence. *See id.* at 218.

We must afford adequate weight to the State's legitimate, broad interest in the repose and finality of its convictions. *See Ex parte Perez*, 398 S.W.3d at 218 (cleaned up). As a whole, the record shows that Mendez's delay has placed the State in a less favorable position to respond to her allegation that she received ineffective assistance of counsel and has harmed the State's abilities to respond to Mendez's allegations based on the loss of evidence. *See id.* at 215 (trial court may consider "anything that places the State in a less favorable position"); *Ex parte Saenz*, 491 S.W.3d at 826. We conclude the trial court did not abuse its discretion when it denied Mendez's application for habeas relief based on laches and we affirm the trial court's judgment.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
230132F.U05

---

and lost files is enough given the extended passage of time since conviction and its concomitantly lower burden. *See Ex parte Saenz*, 491 S.W.3d at 826; *Ex parte Perez*, 398 S.W.3d at 217–18.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE IRMA MENDEZ

No. 05-23-00132-CR

On Appeal from the Criminal District
Court No. 2, Dallas County, Texas
Trial Court Cause No. WX22-91466-I.
Opinion delivered by Justice Carlyle.
Justices Goldstein and Breedlove
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 23rd day of August 2024.