

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00111-CR

**EX PARTE** Dexter **HYPOLITE**

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 1995CR5948A-W1
Honorable Velia J. Meza, Judge Presiding

Opinion by:    Lori Massey Brissette, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Lori I. Valenzuela, Justice
                Lori Massey Brissette, Justice

Delivered and Filed: November 5, 2025

AFFIRMED

Decades ago, appellant Dexter Hypolite was convicted of possession of marijuana and sentenced to five years of community supervision. Last year, he filed an application for post-conviction writ of habeas corpus that was denied by the trial court. He argues the trial court erred in denying his application. Based upon our review of the law and the record, and specifically because laches bars relief on his Article 11.072 habeas application, we affirm the trial court's order denying him habeas relief.

## BACKGROUND

Hypolite is a citizen of Grenada and entered the United States in 1994 on a visitor's visa. In 1997, a jury found him guilty of possession of marijuana (5 pounds to 50 pounds), and he was

sentenced to two years' incarceration with the Texas Department of Criminal Justice. His sentence was suspended, and he was placed on community supervision for a period of five years. Hypolite appealed, and in 1998, this court affirmed his conviction. *See Hypolite v. State*, 985 S.W.2d 181, 183 (Tex. App.—San Antonio 1998, no pet.). Hypolite's community supervision expired on April 12, 2004—more than two decades ago.

Nearly thirty years later, on September 16, 2024, Hypolite filed an article 11.072 application for a writ of habeas corpus. He asserts that his conviction should be set aside, and a new trial granted, based on the notions of fundamental fairness that derive from the Due Process Clause of the Fourteenth Amendment and Article I, § 19, of the Texas Constitution. On December 30, 2024, the trial court denied the application, reasoning that (1) *Padilla* does not support his claim for relief, and (2) there was no obligation on the part of the State to make him a plea offer for a lesser offense.

On appeal, Hypolite argues the trial court erred in denying his application because it violates the Due Process Clause of the Fourteenth Amendment. He also contends that it was unfair for a non-citizen defendant not to receive immigration warnings.

On August 4, 2025, we abated and remanded this case to the habeas court to make findings of fact and conclusions of law addressing whether laches barred appellant's request for habeas relief pursuant to the factors set forth in *Ex parte Smith*. 444 S.W.3d 661 (Tex. Crim. App. 2014). *See Ex parte Bowman*, 447 S.W.3d 887, 888–89 (Tex. Crim. App. 2014).[1]

---

[1] We may raise laches sua sponte on appeal of an 11.072 habeas proceeding or it may be raised by the State for the first time on appeal. *See, e.g.*, *Ex parte Bowman*, 533 S.W.3d 337, 349 (Tex. Crim. App. 2017); *Bowman*, 447 S.W.3d at 888; *Smith*, 444 S.W.3d at 667. The Court of Criminal Appeals has remanded cases for findings on this basis. *See, e.g.*, *Ex parte Alejandrez*, No. WR-96,666-01, 2025 WL 1649226, at *1 (Tex. Crim. App. June 11, 2025) (order); *Ex parte Martinez*, No. WR-30,979-02, 2025 WL 985172, at *1 (Tex. Crim. App. Apr. 2, 2025) (order).

On August 22, 2025, the habeas court held a hearing on the issue of laches during which two witnesses were called: Hypolite and Investigator Jorge Felan of the Bexar County District Attorney's Office. On September 2, 2025, the court issued its findings of fact and conclusions of law, concluding his habeas application was barred by laches. On September 9, 2025, we lifted our abatement, reinstated the case on our active docket, and further ordered the case submitted on October 31, 2025. We now consider this appeal, and specifically, whether Hypolite's application was barred by laches.

## LACHES

### A. Standard of Review and Applicable Law

Article 11.072 "establishes the procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision." TEX. CODE CRIM. PRO. art. 11.072, § 1. "An applicant for a post-conviction writ of habeas corpus bears the burden of proving her claim by a preponderance of the evidence." *Diamond v. State*, 613 S.W.3d 536, 545 (Tex. Crim. App. 2020). If the habeas court denies an applicant's non-frivolous habeas application, "the court shall enter a written order including findings of fact and conclusions of law." TEX. CODE CRIM. PRO. art. 11.072, § 7(a).

We review a habeas judge's ruling in an article 11.072 application for writ of habeas for an abuse of discretion. *See Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006); *see also Diamond*, 613 S.W.3d at 544. In an Article 11.072 habeas proceeding, the trial judge is the *sole* finder of fact. *See, e.g.*, *Ex parte Sanchez*, 625 S.W.3d 139, 144 (Tex. Crim. App. 2021); *State v. Guerrero*, 400 S.W.3d 576, 583 (Tex. Crim. App. 2013). And we "afford[] almost total deference to a trial court's factual findings

when supported by the record, especially when those findings are based upon credibility and demeanor." *Guerrero*, 400 S.W.3d at 583; *Ex parte Garcia*, 353 S.W.3d 785, 788 (Tex. Crim. App. 2011). But, where the ultimate issue is one involving the application of a legal standard, we review de novo, while upholding the trial court's ruling if it is correct under any theory of law. *Diamond*, 613 S.W.3d at 544.

We must remember that the writ of habeas corpus is intended as an extraordinary remedy. *Smith*, 444 S.W.3d at 666. In determining whether to grant habeas relief, "it behooves a court to determine whether an applicant has slept on his rights and, if he has, whether it is fair and just to grant him the relief he seeks." *Id.* Applying the doctrine of laches where appropriate supports "society's interest in finality of convictions, the preservation of judicial resources, and the criminal law's deterrent and rehabilitative functions—values that may be beyond the concern of the parties in a particular case," and "consider[s] the trial participants' faded memories and the diminished availability of evidence." *Id.* at 666, 668–69.

When determining whether to apply laches, we look to the totality of the circumstances. *See Ex parte Hill*, 632 S.W.3d 547, 551 (Tex. Crim. App. 2021); *Smith*, 444 S.W.3d at 670. *See generally Ex parte Perez*, 398 S.W.3d 206, 216 (Tex. Crim. App. 2013). In doing so, we consider, among other things: "(1) the length of applicant's delay in requesting equitable relief, (2) the reasons for the delay, (3) the degree and type of prejudice borne by the State resulting from applicant's delay, and (4) whether the delay may be excused." *Bowman*, 447 S.W.3d at 888 (quoting *Smith*, 444 S.W.3d at 666–67) (cleaned up).

The longer the delay, the lower the State's burden to demonstrate prejudice. *Perez*, 398 S.W.3d at 217–18; *see also Hill*, 711 S.W.3d at 222. Specifically, "delays of more than five years may generally be considered unreasonable in the absence of any justification for the delay,"

making the State's burden relatively low. *Perez*, 398 S.W.3d at 216 n.12; *see also Hill*, 711 S.W.3d at 222 (denying habeas relief on laches grounds where applicant waited twenty-three years from time community supervision was revoked to challenge revocation). "But equity does not require that an applicant be barred from relief by mere delay alone." *Smith*, 444 S.W.3d at 667. Where the delay was justifiable or due to excusable neglect, where the State is not materially prejudiced, or where other compelling reasons exist, such as new evidence demonstrating actual innocence, we may excuse the delay and consider the merits. *Smith*, 444 S.W.3d at 667, 670.

## B. Trial Court's Findings of Fact and Conclusions of Law

Here, the trial court recognized that, if it were to grant habeas relief, the State would have to retry the case given that Hypolite maintains his innocence relating to the original charge. Crediting Hypolite's testimony and the testimony of Investigator Jorge Felan—an investigator for the Bexar County District Attorney's Office—the trial court found as follows:

- Hypolite was convicted in 1997. He was not a citizen of the United States. He became aware in 1998 that his conviction was going to prevent him from becoming a U.S. citizen.

- At that time, he consulted numerous, New York area lawyers over a span of nine years, but none of them were able to assist him. He testified the lawyers were trying to help him with his legal status, but his conviction was a roadblock. Eventually, he talked to a lawyer who put him in contact with a San Antonio lawyer who referred him to Jorge Aristotelidis. In 2024, Aristotelidis filed the writ on Hypolite's behalf.

- Investigator Jorge Felan testified he was an investigator for the Bexar County District Attorney's Office. He was assigned the task of locating witnesses to see if they had enough to go back to trial on.

- Felan described the facts of the case against Hypolite from 1995. The key witness in the case was Carmelo Monge, who was a ticket agent at San Antonio International Airport. Monge passed away in August of 2020.

- Another witness in the case was Sergeant Javier Cortinez, who was the lead investigator on the case. He is currently retired. He told Felan that he had no independent recollection of this case and that he would have to refresh his memory.

- Another witness listed in the case file was Officer Bill Stanley. He is also retired. Officer Stanley said that he would be willing to testify but he too had no independent recollection of this case and that he would have to refresh his memory.

- Felan testified that the physical evidence in the case—the nearly twelve pounds of marijuana in a suitcase—could not be located since it has been such a long time. Felan also stated that he did not locate the technician who tested the evidence and who is now retired.

- Felan testified that retrying a thirty-year old case would be "very difficult."

The court concluded that the doctrine of laches bars habeas relief because (a) the length of delay was twenty-six years and, because it was due to his failure to obtain legal advice sooner, was not justifiable or excusable; (b) the State would be materially prejudiced if it were called to retry the case; and (c) no compelling reasons have been developed that would show him entitled to relief.

### C. Analysis

The trial court's findings are supported by the record, and we defer to them. *See Guerrero*, 400 S.W.3d at 583; *Garcia*, 353 S.W.3d at 788. Here, Hypolite contends he found out later, in 1998, that the conviction would present an issue with regard to his request for citizenship. He further contends the U.S. Supreme Court's decision in *Padilla v. Kentucky*, 559 U.S. 356 (2010) changes the calculus in his case. While not addressing whether *Padilla* applies, we note that—whether we use 1998 or 2010 as the starting point—his delay is long and prejudicial to the State. Even taking into account his contention that New York lawyers told him to wait, he provides no reason for his delay from 2010 to 2025. Thus, his delay—as found by the trial court—is not justifiable or excusable. *See Bowman*, 447 S.W.3d at 888; *Smith*, 444 S.W.3d at 666–67. And, the prejudice to the State is significant, with the main witness deceased, the record evidence destroyed, and the original investigators retired and having no recall of the case. *See Bowman*, 447 S.W.3d at 888; *Smith*, 444 S.W.3d at 666–67.

Hypolite argues we should apply *Ex parte Osvaldo Garcia*, and conclude the State waived its laches argument. But that would fly in the face of *Bowman* and *Smith*'s specific dictates that the issue may be raised for the first time on appeal. *See Bowman*, 533 S.W.3d at 349; *Bowman*,

447 S.W.3d at 888; *Smith*, 444 S.W.3d at 667. Moreover, *Osvaldo Garcia* is distinguishable. 534 S.W.3d 607, 626 (Tex. App.—Corpus Christi–Edinburg 2017), *aff'd on other grounds* 547 S.W.3d 228 (Tex. Crim. App. 2018). In *Osvaldo Garcia*, the State actually raised laches, and it was rejected by the trial court. 534 S.W.3d at 626 ("We conclude that the habeas court rejected the State's laches defense.").

## CONCLUSION

Accordingly, we affirm the trial court's application of the doctrine of laches barring Hypolite's habeas application. *See Bowman*, 447 S.W.3d at 888; *Smith*, 444 S.W.3d at 666–67; *see also Hill*, 711 S.W.3d at 226.[2]

Lori Massey Brissette, Justice

DO NOT PUBLISH

---

[2] Because we cannot conclude the trial court abused its discretion by concluding the doctrine of laches barred Hypolite's habeas application, we need not consider Hypolite's other contentions. *See* TEX. R. APP. P. 47.1.