# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-21-00198-CR

### Ex parte Gary Griffin

### FROM THE 22ND DISTRICT COURT OF HAYS COUNTY
### NO. CR-14-0432-A-WHC2, THE HONORABLE R. BRUCE BOYER, JUDGE PRESIDING

## DISSENTING OPINION

After the district clerk failed to timely notify Gary Griffin that the district court had denied his application for writ of habeas corpus, thereby preventing Griffin from filing a timely notice of appeal, Griffin filed a second application for writ of habeas corpus, seeking an out-of-time appeal. The district court denied Griffin's request. The Court concludes that the district court did not abuse its discretion by doing so. Because I conclude otherwise, I dissent.

The Court is correct that the writ of habeas corpus is an "extraordinary remedy," *Ex parte Beck*, 541 S.W.3d 846, 852 (Tex. Crim. App. 2017), but it is also "'the essential remedy to safeguard a citizen against imprisonment by State or Nation in violation of his constitutional rights,'" *United States v. Morgan*, 346 U.S. 502, 505 n.3 (1954) (quoting *Darr v. Burford*, 339 U.S. 200, 203-04 (1950)). The writ, "which Sir William Blackstone called the most celebrated writ in the English law, and others have named 'the great writ of liberty,' is ancient," dating back to before the Magna Carta, *Ex parte Dennis*, 665 S.W.3d 569, 571 (Tex. Crim. App.

2022), "protected by the United States Constitution," *id*. at 572 (citing U.S. Const. art. I, § 9, cl. 2), and recognized by the Texas Constitution as "a writ of right" that "shall never be suspended," Tex. Const. art. I, § 12. The United States Supreme Court "has steadfastly insisted that 'there is no higher duty than to maintain it unimpaired.'" *Johnson v. Avery*, 393 U.S. 483, 485 (1969) (quoting *Bowen v. Johnston*, 306 U.S. 19, 26 (1939)). Because "the basic purpose of the writ is to enable those unlawfully incarcerated to obtain their freedom, it is fundamental that access of prisoners to the courts for the purpose of presenting their complaints may not be denied or obstructed." *Id*. Moreover, the Texas Code of Criminal Procedure instructs courts to "construe every provision relating to the writ of habeas corpus most favorably to give effect to the remedy and protect the rights of the person seeking relief under it." *Dennis*, 665 S.W.3d at 572 (citing Tex. Code Crim. Proc. art. 11.04).

In Texas, the writ of habeas corpus protects, among other rights, the right to obtain an out-of-time appeal when either the appellant's attorney has rendered ineffective assistance by failing to properly file a notice of appeal, *see Ex parte Axel*, 757 S.W.2d 369, 374–75 (Tex. Crim. App. 1988), or there is a "breakdown in the system" that prevents the filing of a proper notice of appeal, *see Ex parte Riley*, 193 S.W.3d 900, 902 (Tex. Crim. App. 2006). In this case, it is undisputed that there was a breakdown in the system—Griffin did not receive notice that the district court had denied his application for writ of habeas corpus until after the time for filing a notice of appeal from that denial had passed. For that reason, I believe Griffin should be entitled to an out-of-time appeal.

Yet the Court concludes that Griffin has no such entitlement, based on Griffin's counsel waiting 93 days after receiving notice of the denial to request an out-of-time appeal, without providing any explanation for the delay. Presumably, if Griffin had filed his request at

2

some unspecified earlier date or if Griffin had provided some reason for waiting 93 days, the Court would have concluded that Griffin was entitled to an out-of-time appeal.

However, as the Court acknowledges, there is no deadline for requesting an out-of-time appeal. Because there was no deadline for counsel to "disregard," *see id.* (cautioning that systemic breakdown is "not an opening for careless attorneys to disregard deadlines and blame it on the U.S. Postal Service"), I cannot conclude that the absence of an explanation for not filing Griffin's request sooner should preclude Griffin from obtaining an out-of-time appeal. I do not find such a rule in *Riley* or any other decision from the Court of Criminal Appeals or any Texas intermediate court of appeals. Thus, the Court has created a new requirement for obtaining an out-of-time appeal, effectively limiting the availability of habeas relief for applicants who, through no fault of their own, miss the actual deadline for filing a notice of appeal. At the same time, the Court provides no guidance regarding the contours of this new requirement, such as the length of an acceptable delay or the reasons that might justify a delay. I would not impose such an amorphous requirement on a habeas applicant attempting to obtain an out-of-time appeal, particularly in the absence of a clear directive to do so from either the Legislature or the Court of Criminal Appeals.

This is not to say that I would find any length of delay in requesting an out-of-time appeal acceptable. As the Court observes, because the writ of habeas corpus is an extraordinary remedy, the grant of habeas relief "must be underscored by elements of fairness and equity." *Ex parte Perez*, 398 S.W.3d 206, 216 (Tex. Crim. App. 2013). "[T]hose elements require a consideration of *unreasonable* delay" in filing a habeas application. *Ex parte Bowman*, 447 S.W.3d 887, 888 (Tex. Crim. App. 2014) (emphasis added). "But equity does not require that an applicant be barred from relief by mere delay alone." *Ex parte Smith*, 444 S.W.3d 661,

3

667 (Tex. Crim. App. 2014). Rather, courts should "engage in a case-by-case inquiry to determine whether equitable relief is warranted in light of the particular circumstances surrounding each case," *Perez*, 398 S.W.3d at 216-17, considering, "among other things, the length of applicant's delay in requesting equitable relief, the reasons for the delay, and the degree and type of prejudice borne by the State resulting from applicant's delay," *Smith*, 444 S.W.3d at 666-67.

Here, the length of counsel's delay in requesting an out-of-time appeal was 93 days after Griffin received notice that his application had been denied. In my view, that is not an unreasonable length of time. Although counsel provided no explanation for the delay, there is nothing in the record to suggest that the State suffered any prejudice as a result of the delay. Absent any showing of prejudice, I cannot conclude that waiting 93 days to file a habeas application, when there was no deadline to file that application, justified the trial court's denial of habeas relief.

Furthermore, what is Griffin's remedy now that the Court has determined that his counsel should not have waited as long as he did? The Court does not say. Moving forward, habeas applicants might know better than to wait 93 days before requesting an out-of-time appeal, but what should Griffin do? The Court faults him for failing to "allege that his habeas counsel was ineffective for waiting 93 days after receiving notice of the trial court's decision to file a second application requesting an out-of-time appeal." But how could Griffin have known to allege ineffective assistance of counsel when there was no rule before now requiring counsel to file his second application earlier than he did? *See Ex parte Lane*, 670 S.W.3d 662, 671 (Tex. Crim. App. 2023) (explaining that "in recognition of the fact that 'a bar card does not come with a crystal ball,'" courts "measure counsel's performance against 'the state of the law in effect

4

during the time of [the challenged conduct],'" and courts "will not find counsel ineffective where the claimed error is based upon unsettled law" (quoting *Ex parte Chandler*, 182 S.W.3d 350, 358-59 (Tex. Crim. App. 2005))). Moreover, now that the Court has created this new rule, could Griffin file a third application, this time alleging ineffective assistance of counsel, or would he be precluded from doing so by the subsequent writ bar? *See* Tex. Code Crim. Proc. art. 11.072, § 9(a) (providing that trial court may not consider merits of or grant relief based on subsequent habeas application unless it contains sufficient specific facts establishing that current claims and issues have not been and could not have been presented previously). If Griffin has no remedy for obtaining an out-of-time appeal, despite there being both a breakdown in the system and dilatory action by counsel, then I believe Griffin has suffered a grave injustice.

For these reasons, I dissent.

_____

Gisela D. Triana, Justice

Before Chief Justice Byrne, Justices Triana and Smith

Filed: July 12, 2024

Publish